(No. 36361.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, *vs.* GEORGIA R. MELIDONES *et al.,* Appellees.

*Opinion filed September 22, 1961.*

DANIEL P. WARD, State's Attorney, of Chicago, (ED-
WARD J. HLADIS, Assistant State's Attorney, of counsel,)
for the People.

HOELLEN, WILLENS & MANILOW, of Chicago, for ap-
pellees.

Mr. JUSTICE HERSHEY delivered the opinion of the
court:

This case arises out of a tax foreclosure proceeding in
the circuit court of Cook County. During the course of the
proceeding, the assessment of the property was found to
have been erroneous, and was corrected and reduced. The
circuit court entered an order providing that the county col-
lector collect only such penalties, interest and costs on the
delinquent taxes as have accrued since February 4, 1960,
the date the assessment was corrected. The appeal is from
this order. Revenue being involved, this court has jurisdic-
tion on direct appeal.

The tax foreclosure proceeding, which involves certain
unimproved property in the village of Skokie, was com-

menced July 17, 1959. At that time Georgia R. Melidones owned approximately 75% of the title to the property, having inherited a one-half interest from her husband, Dr. Demetrios Melidones, the previous owner, and having received conveyances of additional interests after his death.

Although general real-estate taxes commencing with the year 1928 were delinquent, the proceeding was to foreclose only the lien of taxes from 1928 to 1946, inclusive. This was in accordance with the long standing practice of Cook County whereby, instead of foreclosing the lien of all unpaid taxes, only the unpaid taxes of certain prior years are included in the complaint to foreclose, and the purchaser is required to make full payment of taxes delinquent for subsequent years, with interest and penalties, as a condition to the issuance of the certificate of sale and the tax foreclosure deed. This practice is more fully explained in our opinion in *People* v. *Eisenberg,* 19 Ill.2d 360. At the time of this proceeding, the policy was to permit the foreclosure of taxes through 1946 upon a guaranteed minimum bid with full payment of subsequently accrued taxes.

As we stated in *People* v. *Eisenberg,* 19 Ill.2d 360, 363, in reality such tax foreclosure procedure "is catalyzed by a developer who estimates the potential value of the real estate and then submits to the county board a guaranteed minimum bid for the property in connection with the proposed foreclosure sale for delinquent taxes through 1946" and who further agrees to pay the taxes in full with penalties for the years 1947 to date before a certificate of sale issues.

Immediately prior to the commencement of the foreclosure proceeding, the records of Cook County indicated that general real-estate taxes in the amount of $10,749.02, which, together with penalties and interest, amounted to a total of $38,178.86, were due and owing for the years 1928 to 1946, inclusive. Special assessments in the amount of $61,281.05 were also due and owing. The suit to foreclose

the lien of these taxes and special assessments was instituted upon the representation that a minimum bid of $25,296 would be made at the foreclosure sale.

After the tax foreclosure proceeding had been instituted, it was discovered that, during the years in question, the property had been assessed without regard to the fact that some 40 feet of the depth of the property had been taken by condemnation for a street-widening project. Defendants sought a corrected assessment, and the court ordered a recheck of the assessments for the years in question. As a result of the hearings on the corrected assessments, a substantial reduction in the assessments with a corresponding reduction in the taxes, interest and penalties was agreed upon and incorporated in the foreclosure decree. On the basis of the corrected assessment, the principal amount of delinquent taxes for the years 1928 to 1946, inclusive, was reduced from $10,749.02 to $3,834.81 and the total amount of taxes, penalties and interest for said years was reduced from $38,178.86 to $13,937.57. The guaranteed minimum bid was also reduced from $25,296 to $20,110.58. On February 4, 1960, a decree was entered foreclosing the lien of general taxes, together with penalties and interest for the years 1928 to 1946, inclusive, together with the lien of special assessments. The decree also restrained the Cook County authorities from attempting to collect any general real-estate taxes, penalties, interests and costs on the property for the years 1928 to 1958, except for those amounts found due and owing upon the corrected assessment. A sale was held in accordance with the decree. The purchaser at the sale, for the minimum bid of $20,-110.58, was Sherwin Willens, attorney for Georgia R. Melidones, herein referred to as defendant.

On September 19, 1960, defendant filed a petition alleging that the tax delinquency for the years 1928 through 1946 had been satisfied by the foreclosure sale, but that the delinquency for the years 1947 through 1958 had not

been satisfied because the county collector "insists upon the payment of all penalties, interest and costs levied on said property during those years for the amount found to be due and owing upon the corrected assessment." The petition further alleged the assessment was not corrected until February 4, 1960, and that "it is manifestly unjust to retroactively assess penalties, interests and costs on the amount found to be due on February 4, 1960." Petitioner prayed for an order that the county collector collect only such penalties, interest and cost as may be accrued since February 4, 1960.

On October 13, 1960, the trial judge ordered that the county collector collect only such penalties, interest and costs on the delinquent real-estate taxes as may have accrued since February 4, 1960. The People have appealed from this order.

On this appeal, both parties rely upon the language in section 235 of the Revenue Act of 1939 (Ill. Rev. Stat. 1959, chap. 120, par. 716), wherein it is provided that "no error or informality in the proceedings of any of the officers connected with the assessment, levying or collection of the taxes, not affecting the substantial justice of the tax itself, shall vitiate or in any manner affect the tax or the assessment thereof." The People contend that the tax as originally levied was invalid only as to that portion that was based upon the excessive and erroneous assessment, but that, to the extent that the tax, levied in each of the years 1947 through 1958, was supported by the assessment as corrected on February 4, 1960, it was a valid tax, and that the collector is entitled to collect the legal penalties, interest and costs for each of these years and should not be restricted to the amount which was accrued since February 4, 1960, the date of the corrected assessment. The defendant, on the other hand, contends that the erroneous assessment rendered the entire tax invalid, and that there was no valid tax until

February 4, 1960, and hence no penalties or interest could accrue prior to that date.

From our reading of section 235 in its entirety, the application of that section to the particular problem before us is not as readily apparent as it appears to be to the parties, and we think that the problem involves more than a construction of the statutory language.

It is apparent that defendant's contention that there was no valid tax at all until February 4, 1960, is completely inconsistent with the tax foreclosure proceeding which gave rise to the state of facts upon which this appeal is based, and the benefits of which proceeding the defendant has accepted. A prerequisite to a tax foreclosure is that the taxes for at least two years have been forfeited to the State. This tax foreclosure proceeding presupposes at least two forfeitures, which, in turn, presuppose a valid tax. Defendant has taken advantage of and derived a benefit from the tax foreclosure proceeding which presupposes a valid tax. This is inconsistent with her present contention that there was no valid tax until February 4, 1960.

It must be borne in mind that a tax foreclosure proceeding is a proceeding in equity to which general equitable principles apply. Here, for thirty years defendant and her predecessor in title simply ignored their tax bills. Although they could have done so, they never took advantage of the statutory remedy whereby they could have had the erroneous assessment corrected. Defendant agreed to the tax foreclosure proceeding and originally guaranteed a minimum bid of $25,296, with the understanding that the taxes for the years 1947 to 1958, together with penalties and interest, would be paid in full. This agreement was made on the basis of the original assessment, before the parties realized that the property had been assessed on a mistaken basis. When the error was discovered, a recheck of the assessments was ordered. We do not find, nor has either

party suggested, any explicit statutory authority for such a recheck and correction of assessments in a tax foreclosure proceeding. Apparently the only basis for the recheck was a recognition that this was a proceeding in equity and the desire on the part of the court and the People to reach a result that would be fair and equitable. The propriety of the recheck is not before us, since both parties consented to it, and no question is raised as to the authority of the court to order the corrected assessment. The corrected assessment resulted in a substantial reduction in the amount of the delinquent taxes, not only for the years 1928 through 1946, which were foreclosed, but also for the years 1947 through 1958. It also resulted in a reduction of more than five thousand dollars in the guaranteed minimum bid. Thus, the tax liability against this property is being cleared up at a far lesser cost to defendant or the purchaser at the tax sale than was bargained for at the time the foreclosure proceeding was agreed upon. Defendant has already obtained a substantial windfall, but she is not content with this but insists on being relieved from the payment of interest and penalties except such as may have accrued after February 4, 1960. It should be noted in this connection that the decree of that date, embodying the results of the corrected assessment, sets forth the amount of penalties and interest due on the taxes from 1928 through 1946, thus recognizing that penalties and interest on taxes for these years did accrue prior to February 4, 1960. No reason has been suggested why the taxes for the years 1947 through 1958 should be treated any differently in this regard.

The trial court assigned no reasons for the entry of the order appealed from, except for the general finding that the "assessment on said property was not corrected until February 4, 1960, and it is manifestly unjust to retroactively assess penalties, interest and costs on the amount found to be due on February 4, 1960." In our view, however, it would be manifestly unjust to permit defendant to accept

and retain the very substantial benefits she has obtained from the foreclosure proceeding and then to insist upon still further benefits upon a theory that is entirely inconsistent with the foreclosure proceeding.

The order of the circuit court of Cook County is reversed.

*Order reversed.*