**Southern Illinois Power Cooperative, Appellant, v. Allie Lowery, et al., Appellees.**

**Gen. No. 66–36.**

Fifth District.

February 13, 1967.

Jack Williamson, of Vienna, for appellant.

Louis G. Horman, of Metropolis, for appellees.

EBERSPACHER, J.

This appeal has been brought by Southern Illinois Power Cooperative from an order of the trial court dismissing its complaint to set aside a tax deed under the provisions of section 72 of the Civil Practice Act and for partition of the land involved. Plaintiff contends that the court erred in dismissing plaintiff's complaint because, (1) the evidence showed that the affidavit of Notice for Issuance of the Tax Deed was false and fraudulent and (2) in the alternative that the published notice was fatally defective for the reason it was published only once when the mandatory provisions of the law require it to be published three times.

Thomas E. Lowery died intestate seized of the North Half of the Southwest Quarter of Section 18, Township 11 South, Range 3 East, Johnson County. Thomas E. Lowery left as his only heirs at law his widow, Allie Lowery, and Donald E. Lowery, Joe R. Stevens and Ivah Hodge. The land was sold for the nonpayment of taxes in 1957 and D. W. Chapman purchased for the taxes due and received a tax deed to the premises on December 14, 1959. On the same day that D. W. Chapman re-

ceived the tax deed, he conveyed the land described therein to J. Howard Cates and on the same day, J. Howard Cates conveyed the land to the defendants, Donald E. Lowery and Joe R. Stevens, two of Thomas E. Lowery's heirs.

The plaintiff herein acquired the interest, if any, of Ivah Hodge in and to the West Half of the North Half of the Southwest Quarter of Section 18, Township 11 South, Range 3 East, by deed dated June 20, 1961. The plaintiff filed its complaint to set aside the tax deed and for partition on March 11, 1964.

The evidence shows that D. W. Chapman, at the time of filing the petition for issuance of the tax deed, also filed an affidavit stating that Thomas E. Lowery was dead, that no person was in possession of said premises, that Mrs. Thomas E. Lowery or other persons interested in said lands could not be found in Johnson County. Diligent inquiry as to these facts was made of a Mr. Parks. Certificate of publication shows that Notice of filing Petition for Order Directing Issuance of Tax Deed was published one time on August 13, 1959, in The Vienna Times. This is the only publication shown.

Section 263 of the Revenue Act (Ill Rev Stats 1959, c 120, § 744) stated that no holder of the certificate of purchase shall be entitled to a deed unless he had, not less than three months prior to the date of expiration of the redemption period, served notice upon the owners of such real estate advising them when he purchased the land, in whose name it was last taxed, the description of the real estate involved, what taxes were foreclosed, and when the time for redemption would expire. If such owners could not upon diligent inquiry be found in the county, such notice could be sent by registered mail and also published three times in a local newspaper not more than five months nor less than three months before the time of redemption expires. An affidavit is made under section 263 for the purpose of giving notice

183

to owners or parties interested, who cannot be found or are unknown, by publication. In the instant case the affidavit was made but there was only one publication as evidenced by the certificate of publication. Appellants claim that the notice was fatally defective for this reason.

Such notice given under section 263 of the Revenue Act (Ill Rev Stats 1959, c 120, § 744) need not include notice of the fact that a petition has been filed on which the petitioner intended to make application for an order on the petition that a tax deed issue if the property is not redeemed. Here the published notice included notice that such petition had been filed and that such petition would be presented to the court on December 10, 1959, and that at that time an order would be applied for directing the issuance of a tax deed. Such a situation was covered by section 266 of the Revenue Act (Ill Rev Stats 1959, c 120, § 747), which provided:

> "The purchaser or his assignee may file a petition in the county court in the same proceeding wherein the judgment of sale was entered upon which the sale was had, praying that the court direct the county clerk to issue a tax deed if the real estate shall not be redeemed from the sale. Such petition shall be accompanied by a filing fee of $15.00. Notice of the fact of filing the petition and the date on which the petitioner intends to make application for an order on the petition that a deed issue if the real estate shall not be redeemed from the sale shall be given to occupants, owners and persons interested in the real estate, in the same manner as provided in Section 263, except that only one publication shall be required. The notice to occupants and the notice by publication shall be given not less than three months prior to the date fixed for making application that a deed issue. The purchaser or his assignee may, if he desires, insert in the notice or notices

184

required by Section 263 the fact of filing the petition for a tax deed and the date on which he intends to apply in the county court for an order for a deed if the real estate shall not be redeemed from the sale, in which case the notice provided by this section shall not be required."

■■ Section 266 of the Revenue Act is designed to render tax titles incontestable except by direct attack unless circumstances warrant application of section 72 of the Civil Practice Act, or unless the order directing the issuance of deed is void, and the order is rendered void, not by reason of mere error or impropriety, but by lack of jurisdiction of the issuing court over either the parties or the subject matter, and jurisdiction once acquired in a tax foreclosure action continues through the entire proceeding, including the order for deed. Farlow v. Oliver, 29 Ill2d 493, 194 NE2d 262.

In Farlow v. Oliver, supra, it was held that compliance with section 263 of the Revenue Act, enacted pursuant to the constitutional mandate that the legislature provide by law for reasonable notice in connection with the sale of realty for nonpayment of taxes, is essential for the validity of a tax deed, but the notices specified in section 266 and 266a of the Act are not an absolute condition precedent to issuance of a tax deed, but merely outline a statutory procedure to be followed.

■ The purpose of section 263, and its mandatory requirement of notice, was to give parties in interest notice that the taxes had been sold, and when the time of redemption would expire; it provided:

". . . In such notices the purchaser, or his assignee, shall state when he purchased the real estate, in whose name last taxes, the description of the real estate he has purchased; what taxes or special assessments were included in the judgment or decree for

185

which the real estate was sold, and when the time of redemption will expire . . ."

It did not purport to require notice that the purchaser at the tax sale would petition the court for the issuance of a tax deed "which shall be incontestable except by appeal from the order of the county court directing the county clerk to issue the tax deed" as is provided if the purchaser or his assignee saw fit to proceed under section 266 and give the notice provided under that section that a petition for a tax deed had been filed and the date petitioner would ask for a tax deed if the taxes were not redeemed. Section 266 also gave the petitioner the right to combine the information its notice required, with the information required in the notice given under section 263, and if he elected to do so, then he was not required to publish the one time required by section 266—because there would be 3 notices of both the information required by section 263 and section 266. If the purchaser saw fit to combine the information in one notice, and publish 3 times as required by section 263, his deed would not be subject to collateral attack unless circumstances warranted application of section 72 of the Civil Practice Act (Ill Rev Stats 1963, c 110, § 72). Here the petitioner elected to combine his notice, but only published one time failing to comply with section 263.

In People v. O'Keefe, 18 Ill2d 386, 164 NE2d 5, the court said:

"Although a purchaser at a tax foreclosure sale must comply with Section 263 as to the giving of notice, unlike the procedure which formerly prevailed as to annual tax sales, it is unnecessary that he preserve the evidence of such compliance by the filing of affidavits or otherwise, but it is for the court having jurisdiction of the foreclosure case to examine the proof of such compliance and then to enter an order thereon. . . . Thus statutory com-

pliance is recorded, not by affidavits as to scope of inquiry and other related matters, but by finding of the court which originally approved the foreclosure decree and is therefore in the best position to know the prior history of the case. . . . Upon a collateral attack the finding will be regarded as conclusive and binding upon all parties to the record and their privies."

In Urban v. Lois, Inc., 29 Ill2d 542, 194 NE2d 294, the court said that while section 263 of the Revenue Act regarding the giving of notices must be complied with, a finding that such notices were duly given cannot be disputed in a collateral proceeding.

■ ■ In the instant case, the trial court in entering its order directing the issuance of a tax deed specifically found that all notices required by law have been given. Since this was a judicial determination and cannot be disputed in a collateral proceeding, we must hold that a factual question of whether or not all notices as required by law have been given cannot be relitigated, since the trial court passed on this issue, in the absence of fraud. The most recent opinion so holding is Dahlke v. Hawthorne, Lane & Co., 36 Ill2d 241, 222 NE2d 465, 467 (1966), in which our Supreme Court said:

"Unlike the procedure which formerly prevailed, wherein the determination of statutory prerequisites for a tax deed was largely an administrative matter, it is now for the court, prior to ordering the issuance of such a deed, to judicially determine whether the notice and other requirements have been met. And when a finding of compliance has been entered, it will thereafter be presumed that satisfactory proof of this fact was presented to the court even though such evidence is not preserved in the record. People v. O'Keefe, 18 Ill2d 386, 164 NE2d 5.

"In the present case the trial court expressly found in its order for deed that all notices required by law had been given and, no direct appeal having been taken by the record owners, that determination is now conclusive unless vitiated by fraud."

There could not have been any fraud perpetrated upon the court as to the notice given because the publisher's certificate, showing only one publication, was made a part of the record. We must point out that since section 266 of the Revenue Act is designed to render tax titles incontestable except by direct attack unless circumstances warrant application of section 72 of the Civil Practice Act, it is encumbent upon the trial court to closely scrutinize the record to determine if there has been statutory compliance. The trial court should diligently examine the proof of such compliance and record this fact on its findings, thus making sure that the rights of all persons, interested in real estate which is sold for taxes, have been protected. While the court apparently erroneously found statutory compliance, when the record showed noncompliance, this plaintiff cannot be awarded the relief sought on that basis in this proceeding, in the absence of a showing of fraud. Dahlke v. Hawthorne, Lane & Co., supra, and cases cited therein.

██ ██ We now come to the question as to the allegation of fraud in the affidavit of Notice for Issuance of the Tax Deed. While section 72 provides that a petition filed thereunder must be filed in the same proceeding in which the order was entered, and must be filed not later than two years after the entry of the order attacked, it would appear that a proceeding filed thereafter would be barred, were it not for subsection 7 of section 72, which provides:

"Nothing contained in this section affects any existing right to relief from a void order, judgment

188

or decree, or to employ any existing method to procure that relief."

In Shockley v. Good, 13 Ill2d 298, 148 NE2d 763, the court said that where an affidavit for a tax deed alleges due inquiry for the identity of the true owners, the inquiry must be such as a diligent man, intent upon ascertaining a fact, would usually and ordinarily make, and it must be made in good faith to ascertain the truth and be as full as the circumstances of the particular situation will permit, and it may not be limited to the county in which the land is located. Fraud implies a wrongful intent—an act calculated to deceive. Dalke v. Hawthorne, Lane & Co., supra.

■ The evidence shows that D. W. Chapman, the purchaser at the tax sale and also the affiant on the petition for tax deed, was deceased at the time of this hearing under section 72 of the Civil Practice Act. While there is evidence that Chapman had known each of the heirs of Thomas E. Lowery, there is not positive evidence that he knew Ivah Hodge resided in Johnson County on a farm adjoining the land here in question at the time of making the affidavit. Nor can it be concluded from the evidence that he did not act in good faith; his recovery, at the most, from the purchasers, two of the four persons who could have redeemed, was the "tax deal," interest and $10. Where it is alleged that a tax deed was procured by fraud, the burden of proving such fraud is upon the party who alleges it. Brockmeyer v. Duncan, 18 Ill2d 502, 165 NE2d 294; People v. Doe, 50 Ill App2d 458, 200 NE2d 370.

■ ■ Chapman's affidavit that he had made inquiry of a party living in the neighborhood of the land, and from such inquiry determined that Mrs. Thomas E. Lowery "or other person interested in the said land" could not be found in the county, was a part of the record before the court. There is no proof as to what other

evidence was before the court, nor is there any evidence to deny that Chapman did not make such inquiry of Mr. Parks. Plaintiff would have us infer from the evidence in this proceeding that Chapman knew or should have known that Ivah Hodge could be found in Johnson County without presenting clear and convincing evidence of Chapman's knowledge of her residence. The failure to discover a particular fact does not, in and of itself, indicate a lack of diligent inquiry, and neither is it a conclusive indication of fraud. Dahlke v. Hawthorne, Lane & Co., supra. It must be presumed, in the absence of proof to the contrary, that the court properly performed its judicial function and that it considered all that was before it at the time it entered the order for the tax deed to issue, and found that all notices required by law had been given, and that the petitioner had complied with all the provisions of law entitling him to a deed.

■■■ In plaintiff's complaint, no facts are alleged to show that Ivah Hodge, its alleged predecessor in title, was free of negligence in failing to appear or make timely objection to the issuance of the tax deed. Nor does plaintiff allege that Ivah Hodge was in any way prejudiced by the failure to give proper notice. See People ex rel. Wright v. Doe, supra, in which petitioner had knowledge of the proceeding during the redemption period. There is undisputed evidence that Ivah Hodge was informed by Donald Lowery, her brother, that the property was going to be sold for taxes, and that she declined to "go her part" because of a lack of funds, but told Donald "you go ahead and go my part and when everything is settled up, charge me for the interest that you've put in it and if there's anything left, why you give it to me." As we interpret the testimony, this conversation took place only a short time before the tax deed was issued. No tender of "her part" was alleged or shown by the evidence. This plaintiff took a deed from Ivah Hodge on June 20, 1961, more than 18 months after the tax deed had been issued

and it, as well as subsequent deeds, had been recorded; plaintiff must be charged with knowledge of the entire proceedings, and the record title as well as the failure of Ivah Hodge to appear and make timely objection to the issuance of the tax deed.

Furthermore, this plaintiff waited almost 3 years from the time it took its deed from Ivah Hodge to bring to the court's attention its alleged error in ordering to be issued, a tax deed, which plaintiff now contends is void. In Brockmeyer v. Duncan, supra, our Supreme Court, in a case involving a petition under section 72 of the Civil Practice Act, at 18 Ill2d 505, 165 NE2d 296, pointed out:

> "Assuming that the present petition alleges facts which would otherwise justify the granting or relief, the absence of any excuse for not asserting them in apt time must preclude it. The rule is well established that a person may not avail himself of the present remedy unless he shows that through no fault or negligence of his own, the error of fact or the existence of a valid defense was not made to appear to the trial court. Guth v. People, 402 Ill 286; Greene v. People, 402 Ill 224. Such a motion or petition is not intended to relieve a party from the consequences of his own mistake or negligence. McCord v. Briggs & Turivas, 338 Ill 158; Cramer v. Illinois Commercial Men's Ass'n, 260 Ill 516."

As a purchaser with notice, plaintiff is in no better position than would Ivah Hodge have been had she sought relief by a section 72 petition at such late date.

We therefore affirm the order of the Circuit Court of Johnson County dismissing the complaint.

Order affirmed.

MORAN and GOLDENHERSH, JJ., concur.