IN RE APPLICATION OF THE COUNTY COLLECTOR FOR JUDGMENT AND ORDER OF SALE—(WALTER T. MOREY, Plaintiff-Appellant, *v.* ALL-STATES CORPORATION, Defendant-Appellee).

(No. 11340;

Fourth District—October 8, 1971.

John F. Dunn, of Decatur, for appellant.

Burger, Geisler & Fombelle, of Decatur, (Norman J. Fombelle, of counsel) for appellee.

Mr. PRESIDING JUSTICE SMITH delivered the opinion of the court:

Plaintiff appeals from a judgment of the circuit court of Macon County refusing to set aside a tax deed issued to the defendant corporation. Complaint was filed under Ill. Rev. Stat. 1969, ch. 110, par. 72, asserting that the proceedings whereby the tax deed was obtained were void because initiated on behalf of the defendant corporation by one who was not a licensed attorney and that notice was not given to the plaintiff who was the equitable owner of the property. We affirm.

Certain facts are not in dispute. Donald L. Kirkwood and Louise L. Kirkwood, his wife, were the record title owners of this property and sold it on contract to Charles Brawner and his wife. The county records show that Brawner was last assessed for the general real estate taxes on the property. The evidence shows that the plaintiff's father bought the contract from the Kirkwoods and they assigned it to him. The Kirkwoods also delivered to him a deed conveying the property from themselves to the Brawners. The elder Mr. Morey and the plaintiff, after his father's death, collected the contract payments from the Brawners. The plaintiff testified that he acquired this contract through his father's estate and that he was the owner of this real estate subject to the interest of Brawners and to the interest of the defendant under its tax deed. The Kirkwood-Brawner contract was entered into somewhere about 1956. The plaintiff also testified that sometime after the tax deed was issued in August of 1967, he discovered that the property had been sold for taxes and caused an investigation to be made. Among the papers received from his father was a deed, blank as to grantee, which the Kirkwoods had apparently left with his father duly notarized by one Ayrlie Morris, a real estate broker, on the 31st day of December, 1956, but which was not filed for record until the plaintiff himself filed it on January 2, 1968. It is through this deed that the plaintiff bases his claim that he was the equitable owner of this real estate and should have had notice of the tax sale. It is further clear from the record that the plaintiff nowhere appeared in the record chain of title until the December 1956 deed was recorded in January of 1968.

■■ In our judgment, the deed from the Kirkwoods to the plaintiff wherein no grantee was designated is a nullity. In *Chance v. Kimbrell,* 376 Ill. 615, 35 N.E.2d 48, it is stated: "If the three deeds were blank as to grantee when defendant attached her signature they passed no title and are a nullity. *Tucker v. Kanatzar, supra; Donnelly v. Dumanow-*

*ski,* 329 Ill. 482, 160 N.E.2d 759; *Osby v. Reynolds,* 260 Ill. 576, 103 N.E. 556; Ann. Cas. 1914D, 387." Being a lawyer, the plaintiff knew or should have known that the deed in question was a nullity and conveyed to him no interest in this real estate and that there was nothing of record indicating any interest by him in the real estate. In this state of the record, at the time of the tax purchase and at the time of the tax deed, Walter T. Morey was a stranger to the record title.

■■ Nevertheless the plaintiff contends that the agent of the tax purchaser by diligent search and inquiry should have readily ascertained from the Kirkwoods or from the Brawners—and the record indicates that he talked to both of them—that Walter T. Morey had some interest in the property. The evidence shows clearly that both the Kirkwoods and the Brawners were served with necessary notice. We think this case is basically controlled by *Zeve v. Levy,* 37 Ill.2d 404, 226 N.E.2d 620. In that case it was noted that in 1951, the court policy toward tax deeds changed. Prior to that date, the issuance of a tax deed was largely an administrative matter and the utmost and exacting observance of technical forms was required to produce a valid tax title. Thereafter in 1965, ch. 120, par. 747, was enacted which provided that "the tax deed issued pursuant to this section shall be incontestable except by appeal from the order of the court directing the county clerk to issue the tax deed. This section shall be liberally construed so that tax deeds herein provided for shall convey merchantable title". Following that enactment the Supreme Court held that tax deed proceedings could not be collaterally attacked except as provided by section 72 of the Civil Practice Act and that relief under such section is available upon proof of fraud. (*Remer v. Interstate Bond Co.,* 21 Ill.2d 504, 173 N.E.2d 425.) In Zeve, it is noted that the failure to receive notice of a tax deed proceeding does not per se entitle one to have the deed set aside nor does the fact that the respondent's agent could have made a more thorough inquiry and a more diligent search than he did necessarily establish fraud on the part of the respondent in the absence of proof of wrongful intent or a pattern of deception. From the evidence here it is difficult to construct a wrongful intent or a pattern of deception when the agent of the respondent in this case relied upon the public record as to title. We think any further or additional inquiry on his part was not called for. Indeed, the trial court specifically found that there was no fraud in this transaction and on this record we are disposed to agree. If there is any pattern of deception, it is the documents and the conduct of the plaintiff, who, as well as his predecessor before him, patently maintained the utmost secrecy so far as the public record was concerned as to any interest in this property.

While the plaintiff complains of a failure· to receive notice of the

application for the tax deed, it is evident that the taxes had gone unpaid for several years and it is likewise clear that it was his own deliberate action in failure to record his contract documents or his negligent failure to do so that precluded receipt of a notice. All other interested parties of record were notified.

In 1967, the General Assembly amended section 747 of the Revenue Act (Ill. Rev. Stat., ch. 120, par. 747), to provide that relief may be granted from orders ordering the issuance of a tax deed under § 72 of the Civil Practice Act and that in such proceedings "the court shall consider defenses relating to questions of the notices required by Section 263 and the proof presented in the hearing required by this Section". This was in reality a codification of the rule laid down in *Urban v. Lois, Inc.*, 29 Ill.2d 542, 194 N.E.2d 294. In that case, the owner was not served with notice of the application for a tax deed but was actually aware of his default in tax payments and had made arrangements to redeem. He had full knowledge of the tax proceedings, but the failure to redeem was not occasioned by a lack of notice but by his lack of funds. In that case, the court stated that in the absence of fraud, we must consider the order of the county court as conclusive. We think the same should be said here. The failure of the plaintiff to receive notice lies at his door rather than any other place through his failure to record his interest in this property.

■■■ In plaintiff's complaint, he alleged that the tax deed proceedings were null and void and the court was without jurisdiction over the parties and the subject matter for the reason that the defendant's petition for tax deed was not filed through a person duly licensed and entitled to practice law in the State of Illinois. This allegation was denied by the defendant. The matter was then dropped in the trial court and was not asserted in this court as a reason for vacating the tax deed. On our own motion, we requested oral argument in this court and supplemental briefs based upon our decisions in *Remole Soil Service, Inc. v. Benson*, 68 Ill.App.2d 234, 215 N.E.2d 678, and *Leonard v. Walsh*, 73 Ill.App.2d 45, 220 N.E.2d 57. The petition for the tax deed recites "Now comes All-States Corporation, an Illinois corporation, petitioner, by Robert D. Burroughs, its agent, and says * * * ". It is signed by Robert D. Burroughs as agent for the petitioner and verified by affidavit. We granted leave to the defendant to supplement the record and it filed an affidavit by the president of All-States Corporation stating that at all times at all appearances in court it was represented by an attorney duly licensed to practice in the State of Illinois and that at no time did a layman not licensed to practice appear in the court for the All-States Corporation. This was likewise supplemented by an affidavit of the attorney in which

he stated that he personally appeared on behalf of All-States before the county judge and presented the petition for issuance of a tax deed and obtained a hearing date thereon and personally made all court appearances on behalf of All-States Corporation. Nowhere on the original petition, however, does this fact appear. In *County Board of School Trustees v. Bendt*, 30 Ill.App.2d 329, 174 N.E.2d 404, a judgment order stated "and the court having heard the evidence * * *." There was no report of trial proceedings there filed. The court stated that an assignment of error must be shown in the record itself and not by the arguments of counsel or his statement in his brief on appeal. In that case it was stated that the court could not through guess, surmise or conjecture, through absence in the record of evidence, presume that none was heard when the record itself affirmatively stated that evidence was heard. We permitted the filing in this court of an affidavit by the president of All-States and one by his attorney which now affirmatively shows that the failure to list the attorney on the original petition is at most an oversight. It is urged that it was error to permit the filing of these affidavits and that we may not consider them because they were not filed in the trial court. (*Kazubowski v. Kazubowski*, 45 Ill.2d 405, 259 N.E.2d 282.) In our view of this case, it is not necessary for us to determine the propriety or impropriety of considering these affidavits. Without them, there is sufficient evidence in this record to warrant the conclusion that the suit was not instituted by an unlicensed attorney. Under the power granted a reviewing court by Supreme Court Rule 366, Ill. Rev. Stat. 1969, ch. 110A, par. 366, we are permitted to draw inferences of fact. In the instant case, where the trial court did not decide the issue of unlawful practice of law, even though it was an issue, where no evidence was offered in the trial court on the subject, and where the plaintiff abandoned that issue, both in the trial court and in this court, it seems to us that the reasonable inference from this record is to presume that the failure to include the attorney's name on the first petition was an inadvertent oversight rather than a deliberate attempt to practice law without a license. To hold that such a failure voids a judgment is, we think, an unnecessary extension of the doctrine announced in *Walsh* and in *Remole* and would in many instances nullify judgments, orders, or proceedings where it is not justified as a matter of fact. For us to presume that the defendant in this case willfully, knowingly and intentionally violated the law is to reach a conclusion based upon pure speculation, conjecture or surmise. This record does not affirmatively show that there was no attorney of record nor does it affirmatively show that there was an attorney of record at the time of the filing of the original petition. Under such circumstances, it strikes us that the reasonable inference to be drawn is that there was

a compliance with the law rather than a complete disregard of the law. That such inference is the more reasonable is borne out by the fact that the plaintiff himself abandoned the issue both in the trial court and in this court.

Accordingly, the judgment of the trial court is affirmed.

Judgment affirmed.

CRAVEN and TRAPP, JJ., concur.