*In re* APPLICATION OF COUNTY TREASURER AND EX-OFFICIO COUNTY COLLECTOR OF COOK COUNTY—(DRG, INC., Respondent-Appellee, *v.* DONALD H. FOLLOT *et al.,* Petitioners-Appellants.)

(No. 59166; )

First District (5th Division)—May 17, 1974.

*Rehearing denied July 8, 1974.*

Posanski, Krohn & Jacobs, of Chicago, for appellants.

Allan L. Blair, of Chicago, for appellee.

Mr. JUSTICE DRUCKER delivered the opinion of the court:

Petitioners filed a petition under section 72 of the Civil Practice Act (Ill. Rev. Stat. 1969, ch. 110, par. 72) seeking to vacate its order of March 2, 1972, which directed issuance of a tax deed, and for other relief. After a hearing, the court denied the petition and specifically found (a) there was no fraud in the procurement of the tax deed, and (b) petitioners did not use diligence in defending against the original tax deed petition or in filing a direct attack thereon.

Petitioners appeal contending: (1) the lack of personal service upon an owner in possession deprived the court of jurisdiction; (2) there was fraud upon the court sufficient to avoid issuance of the tax deed; (3) the failure to give statutory notice was a sufficient ground for relief in a

section 72 proceeding; (4) there was an excusable mistake sufficient to avoid the issuance of the tax deed; and (5) the finding that petitioners were not diligent is against the manifest weight of the evidence.

The property at issue is a two-story brick house located at 6439 North New England Avenue in Chicago. Petitioners owned and resided on this property since 1958. In May 1969 the county collector filed an application for judgment and order of sale for special assessments returned delinquent in the year 1969. Respondent purchased the property on May 26, 1969, for non-payment of special assessment warrant 57488 of the City of Chicago, fourth installment, for the sum of $61.94. The end of the period of redemption was extended by respondent from May 26, 1971, to December 27, 1971, pursuant to section 263 of the Revenue Act (Ill. Rev. Stat. 1969, ch. 120, par. 744). Respondent on May 11, 1970, purchased the fifth installment of the same special assessment for $65.71. Petitioners did redeem this fifth installment but never redeemed the fourth installment.

On September 9, 1971, respondent filed its petition for tax deed. During the subsequent ex parte hearing on January 14, 1972, David R. Gray, respondent's attorney, testified that there had been no redemption of the fourth installment. He had made an inspection of the pertinent records and found that the parties in interest were the owners, Mr. and Mrs. Donald Follot, and Avondale Savings and Loan Association, as the mortgagee and holder of an assignment of rents for the property. Avondale Savings and Loan Association was personally served on September 21, 1971. He mailed a notice to Mrs. Follot on September 27, 1971. Sidney Olsen, registrar of titles for Cook County, was personally served on September 12, 1971, and Edward Barrett, county clerk of Cook County, was personally served with notice on September 24, 1971.

Robert Brozik testified at the ex parte hearing as a witness for respondent that he was a process server in respondent's employ. He was directed to serve Mr. and Mrs. Follot with notices. On September 21, 1971, he personally served Mr. Follot at 6439 North New England Avenue in Chicago. Mr. Follot accepted the notice and told him he had already received one through registered mail. At this time he asked if Mrs. Follot was at home. Mr. Follot told him she was not at home but that he would accept a copy of it for her. Brozik also explained to the court that he had tried on three occasions, other than September 21, 1971, to serve Mrs. Follot but was unable to do so.

The court was informed that because Mrs. Follot had not been personally served, after the four unsuccessful attempts, notification was given to her by publication and certified mail. The court was told of the publication dates, and the certified mail receipt card was part of the

record. In addition, there was evidence that on September 24, 1971, respondent delivered the requisite notices to the clerk of the circuit court for mailing by him. Gray further testified as follows:

"Q. Do you believe you have complied with due diligence in the service of process on all the known parties of interest?

A. I do."

On March 2, 1972, the court found that the period of redemption had expired; all notices required by law had been given; respondent had complied with all provisions of the statute; and the court had jurisdiction. It then ordered the. issuance of a tax deed.

On July 19, 1972, petitioners filed their section 72 petition alleging, *inter alia*, insufficiency of notice; fraud upon the court; lack of due diligence; excusable mistake; and lack of jurisdiction. At the hearing on the petition the following pertinent evidence was adduced: David R. Gray, called as a witness pursuant to section 60 of the Civil Practice Act (Ill. Rev. Stat. 1955, ch. 110, par. 60), testified that he arranged for service of notice under the relevant statutes; that Mr. Follot was served personally and that in spite of a diligent effort, Mrs. Follot could not be personally served and she was notified by publication and mailing. The publication dates were September 17, 1971, September 24, 1971, and September 27, 1971. He described Mr. Brozik's attempts at personally serving Mrs. Follot. He searched the telephone directories to see if there was another address by which he could personally serve Mrs. Follot. Since he could not personally serve Mrs. Follot, he mailed the notice to Mrs. Follot on September 27, 1971. Respondent had also purchased the fifth installment which he thought was redeemed before December 27, 1971. In November 1971 he had sent the requisite statutory notices with regard to this fifth installment. At the time of the hearing on January 14, 1972, he did not have personal knowledge of the redemption of the fifth installment, but he represented to the court that proof of payment or redemption of any subsequent taxes would be submitted to the court. At the time the transcript was presented to the court for entry of the order directing the issuance of tax deed, the court was informed that the fifth installment had been redeemed. During March 1972 he had several conversations with Donald Follot's mother concerning the property.

Mrs. Follot, a petitioner, testified that she has two school age children living at home and that she works at a nearby cleaning establishment. She first learned some taxes were due on the property in September 1971 when her husband showed her a paper he received through the mail. She subsequently sent for a bill of redemption and received the estimate of redemption through the mail. On November 18, 1971, she sent a

money order covering the amount specified by the county clerk. This was the first time she sent in any money. After further notification by the county clerk, she sent in an additional sum of money. She then received a certificate of deposit for redemption and did nothing thereafter. The only notice she received was the one her husband handed to her. On cross-examination she was impeached when she identified her signature on a receipt card which showed a second notice delivered to her on October 18, 1971.

Donald Follot, a petitioner, testified that he was a joint owner of the property. He denied ever receiving personal service of any notice. He received only one notice from the County Clerk and showed it to his wife. He did nothing with respect to payment of either the fourth or fifth installment. On cross-examination he identified his signature on the section 72 petition which states: "* * * that on December 7, 1971, twenty days prior to the expiration of said extension period, DONALD H. FOLLOT took said notice to the County Clerk's office and was given an estimate of redemption." He further identified his signature on two receipt cards.

Robert Brozik testified as a witness for respondent substantially repeating his testimony at the ex parte hearing held on January 14, 1972. He added that on the four occasions that he went to 6439 North New England Avenue the hours of the day varied from noon to 8 P.M. David Gray, called as a witness for respondent, reiterated that he had mailed a notice to Mrs. Follot on September 27, 1971, and which was delivered on October 18, 1971, as shown on the return receipt card. In his attempts to serve Mrs. Follot personally, he had also examined polling lists. He mailed several other notices to the Follots during July and August 1971 concerning this property.

Documentary evidence was also presented to the court. Petitioners introduced the transcript of the January 14, 1972, hearing and evidence that the county clerk mailed them notices on September 29, 1971. Petitioners also introduced a letter from the county clerk, dated November 15, 1971, showing that $70.39 was owing, and at the bottom stating that the fourth installment had been paid, which was dated November 15, 1971, and which showed receipt of $1 was also received in evidence. To impeach the validity of these documents, Mrs. Follot was called by respondent as a witness under section 60 of the Civil Practice Act and asked to explain why these two particular documents were not produced with the other documents when requested prior to the hearing. She stated that she only recently found the documents in a lingerie drawer although she normally kept important documents in a metal container.

Edward Schmitt, deputy county clerk, was called as a witness by respondent: He keeps a written record of all items for which a mail request is made. He could find no such request from the Follots. He also examined the search order and stated that it would be contrary to normal office policy to send it out in the condition it was in.[1] Peter Daniel Meegan, administrative assistant to Edward Barrett, county clerk, testified as a witness for respondent that he was supervisor of the tax department. He keeps on file a copy of all letters leaving the office but was unable to find a copy of the letter petitioners introduced stating that the fourth installment was paid. A letter dated November 22, 1971, showing that petitioners had paid the fifth installment, was also introduced in evidence. Respondent introduced the return receipt cards showing that Mr. Follot had received two notices from the county clerk and that Mrs. Follot, on October 18, 1971, had received a notice from respondent.

At the conclusion of the hearing the court denied the petition.

OPINION

Petitioners' basic contention is that since Mrs. Follot was not personally served and since alternative service was not effected on her 3 months prior to December 27, 1971, the statutory scheme for notice pursuant to section 263 and 266 of the Revenue Act (Ill. Rev. Stat. 1969, ch. 120, pars. 744 and 747), was not complied with. From this premise they contend that: (a) the court lacked jurisdiction; (b) a fraud was perpetrated upon the court when counsel for respondent told the court that all statutory notices had been given; and (c) this insufficiency in notice is sufficient to vacate the issuance of a tax deed even if raised in a section 72 proceeding.

■■ Jurisdiction for the entire tax sale proceeding is one in rem rather than in personam. Jurisdiction is over the land itself and is acquired by publication in the county collector's application for judgment and sale of delinquent lands. Once acquired the court retains jurisdiction to make all necessary findings and enter all necessary orders supplemental to the original tax sale, including ordering the issuance of a tax deed and writs of assistance. (*Urban v. Lois, Inc.*, 29 Ill.2d 542, 194 N.E.2d 294; *Shapiro*

---

[1] A search, upon request, is made by the county clerk. The search order is divided by perforations into a top part and a bottom part. The top part acts as a temporary receipt until the search is made. Upon completion of the search, the top part is given to the clerk and the bottom part showing the results of the search is returned to the person requesting the search. Normally only the bottom part is returned, not both top and bottom. The search order, as admitted into evidence, had both parts intact, with the bottom part showing the fourth installment was paid.

*v. Hruby*, 21 Ill.2d 353, 172 N.E.2d 775; *Cherin v. The R. & C. Co.*, 11 Ill.2d 447, 143 N.E.2d 235.) The application for judgment and order of sale was filed by the county collector of Cook County in May 1969, and the court had jurisdiction from this point on.

■■ Petitioners filed the instant petition more than 30 days after the March 2, 1972, court order and thus the petition constitutes a collateral attack on the order under section 72 of the Civil Practice Act. (*Cherin*.) In a recent Illinois Supreme Court case dealing with a section 72 petition attacking a tax deed it was stated in *Exline v. Weldon*, 57 Ill.2d 105, 311 N.E.2d 102.

> "The history of litigation dealing with the sale of tax-delinquent property prior to the 1951 amendments to the Revenue Act is set forth in *Cherin v. The R. & C. Co.*, 11 Ill.2d 447, 451-53, and has often been reiterated in subsequent decisions of this court (*e.g.*, *Urban v. Lois, Inc.*, 29 Ill.2d 542; *Shuck v. Guarantee Bank and Trust Co.*, 26 Ill.2d 123). In speaking of the post-1951 tax-deed provisions we said in *Zeve v. Levy*, 37 Ill.2d 404, at page 409, 'that findings of the court before which the tax-deed proceedings are held pursuant to section 266 of the Act may not be collaterally attacked except as provided by section 72 of the Civil Practice Act [citation] which affords relief from final judgments, orders and decrees [citations], and that relief thereunder is available upon proof of fraud.' This construction was adopted in order to advance the legislative intent expressed in section 266 that merchantable title would be conveyed by a tax deed. See *Cherin v. The R. & C. Co.*, 11 Ill.2d 447, 455.
>
> The concept of fraud 'implies a wrongful intent—an act calculated to deceive.' (*Dahlke v. Hawthorne, Lane & Co.*, 36 Ill.2d 241, 245.) The failure to attain knowledge concerning certain facts is not necessarily indicative of a lack of diligent inquiry (*Village of Dolton v. First National Bank of Blue Island*, 12 Ill.2d 435, 440); and, even if a more persistent effort could have been made in the conduct of the search and inquiry, this is not proof of fraud unless there exists evidence of wrongful intent or a deceptive design. (*Zeve v. Levy*, 37 Ill.2d 404, 409.)"

In the absence of fraud the findings of the trial court, as to notice, are conclusive. (*In re Application of County Collector*, 1 Ill.App.3d 707, 274 N.E.2d 164; *Dahlke v. Hawthorne, Lane & Co.*, 36 Ill.2d 241, 222 N.E.2d 465.) The precise question, therefore, is whether the record discloses a fraud on the court, for if it does not, then the finding of adequate notice is conclusive. *Zeve v. Levy*, 37 Ill.2d 404, 226 N.E.2d 620.

■■ Petitioners have alleged that because Gray told the court at the ex parte hearing that the statute had been complied with, and that since the notice received by Mrs. Follot was not within the time period required by the statute, a fraud on the court was committed. However, petitioners overlook the fact that everything that was done or not done was made known to the court before it ordered the issuance of the tax deed. The court was informed of the personal service of notice that was made on all but one of the parties; of the attempted personal service made on Mrs. Follot; and of the service made on Mrs. Follot by publication and mailing. The court was also informed of the redemption of the fifth installment. The finding that all statutory notices had been complied with was a legal conclusion and, although stated by counsel for respondent, was actually a determination which the court had to make. "Where it is alleged that a tax deed was procured by fraud, the burden of proving such fraud is upon the party who alleges it." (*Southern Illinois Cooperative v. Lowery*, 79 Ill.App.2d 180, 189, 224 N.E.2d 32.) Since all relevant information was openly presented to the court, we cannot find that a wrongful intent or an act calculated to deceive has been proved.

Nor do we believe that the court erred in finding notice had been properly given. Section 263 of the Revenue Act (Ill. Rev. Stat. 1969, ch. 120, par. 744), permits service by mail and publication if the person to be served cannot upon diligent inquiry be found in the county. (*In Re Application of County Collector*, 2 Ill.App.3d 737, 277 N.E.2d 532.) The statute in pertinent part recites:

"No purchaser or assignee of such purchaser of real estate sold for nonpayment of general taxes or special assessments, shall be entitled to a deed until the following conditions have been complied with, to-wit: Such purchaser or assignee shall serve, or cause to be served, notice of such purchase, not less than 3 months prior to the date when the time of redemption, or extended time of redemption as hereinafter provided shall expire, upon the following persons: * * *. If the person in whose name the real estate was last assessed for general taxes cannot upon diligent inquiry be found in the county, *notice shall be sent by registered mail or certified mail, return receipt requested,* to the address shown for such persons on the assessor's books. Such notice by registered or certified mail, return receipt requested, *shall also be sent* to the owners of or parties interested in such real estate, including trustees and mortgagees of record, provided such persons cannot upon diligent inquiry be found in the county. * * *" (Emphasis supplied.)

The statute also provides that "[s]uch notice by publication shall be given 3 times, the first publication not more than 5 months, and the last publication not less than 3 months before the time of redemption expires." Therefore, since the extended time of redemption ended December 27, 1971, notice had to be sent, at the latest, on September 27, 1971.

■■ Whether statutory notice was sufficient was a question of fact for the trial court. In the trial before the court without a jury it is elementary that the credibility of witnesses and the weight to be accorded their testimony are to be determined by the trier of fact, and unless manifestly against the weight of the evidence, his finding will not be disturbed. (*In re Application of County Collector*, 7 Ill.App.3d 124, 287 N.E.2d 81.) There was evidence of repeated attempts, on various days and at various hours, to personally serve Mrs. Follot. Gray specifically testified that after the unsuccessful attempts to personally serve Mrs. Follot, notice was sent to her on September 27, 1971. The return receipt card signed by her was also introduced into evidence. There was sufficient evidence to support the court's finding that the statute had been complied with. Since the finding that all statutory notices had been complied with is not against the manifest weight of the evidence and is consistent with Gray's representations to the court, petitioners have failed to demonstrate any fraud.

■■ Finally, petitioners argue that their redemption of the fifth installment, instead of the fourth installment, was an excusable mistake. We find that this contention is not borne out by the record. There was evidence showing that petitioners received separate notices for the fourth and fifth installments of the special assessment. The evidence further shows that petitioners received a letter from the county clerk acknowledging receipt of payment for the fifth installment and that this payment occurred a short time after petitioners received notice from Gray concerning this fifth installment. Although petitioners introduced two exhibits which showed the fourth installment was paid, the validity of these documents was vigorously brought into question. The testimony of Edward Schmitt and Peter Meegan taken together with Mrs. Follot's testimony on cross-examination and an examination of the documents themselves supports a conclusion that the documents are not authentic. The trial judge did not believe that these documents demonstrated that an excusable mistake was made, and we will not reverse this determination. Petitioners had notice that two installments were owing and their payment of one of them, albeit the later installment, cannot excuse their non-payment of the other installment. Before issuance of a tax deed, all subsequent taxes must be paid. (Ill. Rev. Stat. 1969, ch. 120, par. 747.)

It matters not by whom these taxes are paid, and it is no defense that subsequent taxes were paid by the original property owners. *Stanley v. Bank of Marion*, 23 Ill.2d 414, 178 N.E.2d 367.

The judgment is affirmed.*

Affirmed.

SULLIVAN, P. J., and LORENZ, J., concur.

---

* It is now provided in section 253 of the Revenue Act (Ill. Rev. Stat. 1973, ch. 120, par. 734) that on property sold after July 1, 1971, where "* * * such real property is improved with a structure consisting of at least one and not more than 4 dwelling units and one or more of said dwelling units is occupied by the owner or owners thereof as his principal place of residence * * *" that upon written or oral application to the court at the hearing for issuance of a tax deed, the owner may obtain an additional 30 days from the date of the hearing in which to make redemption. It should be noted that the sale in the instant cause occurred prior to July 1, 1971, and petitioners failed to appear at the hearing on January 14, 1972.