*In re* APPLICATION OF THE COUNTY TREASURER AND *EX OFFICIO* COUNTY COLLECTOR OF COOK COUNTY (Cosmopolitan National Bank of Chicago, as Trustee, Intervenor-Appellant, v. Oak Park Bank, as Trustee, *et al.*, Appellees (S. L. Cribare *et al.*, Petitioners)).

First District (1st Division) Nos. 87—0290, 87—0291 cons.

Opinion filed December 21, 1987.—Supplemental opinion filed on denial of rehearing July 25, 1988.

Joel S. Ostrow, of Chicago, for appellant.

Howard C. Emmerman and William M. McErlean, both of Rudnick & Wolfe, of Chicago, for appellees.

JUSTICE O'CONNOR delivered the opinion of the court:

Intervenor-appellant, Cosmopolitan National Bank of Chicago, appeals from the order of the circuit court of Cook County granting appellees', Oak Park Bank's and Joseph Sadacca's, section 2—1401 petition (Ill. Rev. Stat. 1985, ch. 110, par. 2—1401).

On appeal, Cosmopolitan contends that the trial court abused its discretion in granting appellees' section 2—1401 petition vacating its previous order issuing tax deeds to tax purchasers where appellees did not assert fraud by tax purchasers in obtaining their tax deeds. For the reasons that follow, we affirm.

Joseph Sadacca was the beneficiary of a land trust of which Oak Park Bank was trustee. The trust covered two vacant parcels of land which are adjacent to and necessary for the operation of a hotel Sadacca owns. On September 28, 1983, the two parcels were sold to S. L. Cribare (petitioner) and Catherine Partipilo (petitioner) for $1,094.79 and $2,105.25, respectively. The sale was due to delinquent real estate taxes for the years 1980 and 1981. Neither petitioner is a party to this appeal.

Both petitioners extended the period of redemption to April 15, 1986. On December 3, 1985, petitioners filed their petitions for tax deeds on the property. On December 9, 10 and 16, 1986, Sadacca and Oak Park Bank were served with tax deed petitions and "Take Notices" which stated that the property was sold "for General Taxes of (Year) 1981 (1980 included)." In November or December of 1985, an agent of petitioners' visited Sadacca and informed him about the tax sales. Sadacca assured the agent he would redeem the property before April 15, 1986.

Thereafter, Sadacca attempted to redeem the property before his

right expired in April. He requested an estimate from the county clerk's office, but a deputy clerk erred in preparing the estimate, which included only the 1982, 1983 and 1984 delinquent taxes, but not 1980 or 1981. Relying in good faith on the clerk's estimate, on April 2, 1986, Sadacca paid $14,929.25, believing he had redeemed his property. Hence, Sadacca did not attend the hearing on April 24, 1986, for issuance of the tax deeds although he was notified of it.

The court ordered the issuance of the tax deeds on May 28, 1986, after several continuances. Sadacca received no notices of the continuances or of the court order. His first knowledge of the issuance of the tax deeds was on about August 6, 1986, when he received a letter from petitioners' attorney notifying him.

Approximately two weeks later, on August 19, 1986, Sadacca and Oak Park Bank filed a section 2—1401 petition (Ill. Rev. Stat. 1985, ch. 110, par. 2—1401) to vacate the order issuing the tax deeds. Sometime thereafter, petitioners conveyed their interests to Cosmopolitan, which intervened on October 30, 1986, by agreement and filed motions to strike and to dismiss the section 2—1401 petition. The parties stipulated to the facts in the petition.

On November 17, 1986, the court held a hearing on the petition, and on November 20, 1986, the court granted it, finding that although petitioners had committed no fraud in obtaining the tax deeds, Sadacca and Oak Park Bank were entitled to equitable relief based on the mistake of the county clerk's office. The court ordered that upon payment of the redemption to Cosmopolitan, the prior tax deeds would be null and void.

On December 10, 1986, Cosmopolitan filed a motion for reconsideration which was denied on December 16, 1986. The following day, on December 17, 1986, Sadacca and Oak Park Bank received estimates of redemption from the county clerk's office. They then attempted to contact Cosmopolitan's counsel in order to close and to pay $4,123.21 and $5,803.88 in exchange for quitclaim deeds, but they received no response. On December 24, 1986, they attempted to tender $9,927.09 to Cosmopolitan but such tender was refused. They subsequently filed an emergency motion for a rule to show cause which was withdrawn on December 30, 1986, by agreed order. Enforcement of the order granting the section 2—1401 petition was stayed also by agreed order.

The parties stipulated to the following facts, among others: In computing the amount that was necessary for Sadacca to redeem his property, the county clerk's office erred and omitted the taxes for the years 1980 and 1981. Sadacca attempted to redeem his property in good faith, but was frustrated in his attempt by the deputy clerk's er-

ror. Sadacca did not attend the hearing for the issuance of the tax deeds because he believed that he had redeemed his property. Sadacca did all that was required of him by law in order to redeem his property. He received notices of the hearing only before he attempted to redeem his property on April 2, 1986, not after that date. The first notice Sadacca received informing him that the tax deeds had issued was when he received a letter from the petitioners' attorney, which he received after 30 days after the judgment was entered issuing the deeds.

Cosmopolitan contends that the trial court erroneously granted Sadacca and Oak Park Bank's section 2—1401 petition because the tax deed petitioners did not commit fraud against Sadacca, who received all proper and required notices. Furthermore, Cosmopolitan argues that even if a mistake of the clerk's office is sufficient to grant a section 2—1401 petition, in the instant case, it was not sufficient because the clerk's estimate stated that it covered delinquent taxes for the years 1983, 1984 and 1985, whereas Sadacca knew that he also owed taxes for 1980 and 1981 because petitioners' "Take Notices" so stated.

■ The Illinois Supreme Court has clearly held that where a property owner petitions to vacate a judgment issuing a tax deed under section 2—1401 (formerly section 72) of the Civil Practice Law (Ill. Rev. Stat. 1985, ch. 110, par. 2—1401), the owner must prove fraud. Absent fraud, tax deeds which are issued are incontestable except on direct appeal. (See *In re Application of County Treasurer* (1982), 92 Ill. 2d 400, 408, 442 N.E.2d 216; *Smith v. D. R. G., Inc.* (1976), 63 Ill. 2d 31, 36, 344 N.E.2d 468; Ill. Rev. Stat. 1985, ch. 120, par. 747.) In addition, there is a policy in Illinois favoring the merchantability of tax deeds in collateral cases. (See, *e.g., In re Application of County Treasurer* (1982), 92 Ill. 2d 400, 406, 442 N.E.2d 216.) However, there exists a competing policy favoring a liberal construction of the right to redeem where the tax purchaser would not be injured. *In re Application of County Treasurer* (1980), 84 Ill. App. 3d 506, 509, 405 N.E.2d 869, *appeal denied sub nom. Atlantic Municipal Corp. v. McGuirk* (1980), 81 Ill. 2d 589.

■ In the case at bar, although Sadacca alleges no fraud by the tax purchasers in their obtaining of the tax deeds, this is a case where equity properly intervened. Sadacca did all that was necessary under the law to redeem his property: He obtained an estimate from the clerk's office which, due to no fault of his own, was erroneous. He attempted in good faith to redeem his property; and once he paid the clerk's office, he believed that he had sufficiently redeemed it. Hence, he failed to attend the hearing where the court issued the tax deeds. Sadacca, however, received no notice of the issuance of the deeds until

after 30 days after the judgment was entered. Therefore, his only recourse was to file a section 2—1401 petition.

■ Furthermore, if Sadacca is denied the right to redeem, he will lose the property necessary for him to run his business plus the $14,929.25 he paid the clerk to redeem the property. Moreover, Cosmopolitan would not be injured by allowing redemption because Cosmopolitan purchased the tax deeds from petitioners for $3,200.04, but the court ordered Sadacca to pay $9,927.09 plus interest in order to now redeem his property. Consequently, because Cosmopolitan would not be injured by redemption, the trial court properly vacated its previous judgment. See, *e.g., Skach v. Sykora* (1955), 6 Ill. 2d 215, 127 N.E.2d 453; *Converse v. Rankin* (1886), 115 Ill. 398, 4 N.E. 504; *Gage v. Scales* (1881), 100 Ill. 218; *In re Application of Rosewell* (1986), 148 Ill. App. 3d 297, 498 N.E.2d 790; *In re Application of County Treasurer* (1980), 84 Ill. App. 3d 506, 405 N.E.2d 869, *appeal denied sub nom. Atlantic Municipal Corp. v. McGuirk* (1980), 81 Ill. 2d 589.

Cosmopolitan cites several cases which state that in order to overturn the issuance of a tax deed under section 2—1401 (section 72 in the cited cases, the predecessor to section 2—1401), the petition must allege fraud by the purchasers. Those cases stand for the proposition that the policy in Illinois is to convey merchantable title to a tax deed purchaser. (See *In re Application of County Treasurer* (1982), 92 Ill. 2d 400, 442 N.E.2d 216; *Smith v. D. R. G., Inc.* (1976), 63 Ill. 2d 31, 344 N.E.2d 468; *Exline v. Weldon* (1974), 57 Ill. 2d 105, 311 N.E.2d 102; *Urban v. Lois, Inc.* (1963), 29 Ill. 2d 542, 194 N.E.2d 294; *In re Application of County Treasurer & Ex Officio County Collector* (1974), 20 Ill. App. 3d 291, 314 N.E.2d 300, *appeal denied sub nom. D. R. G., Inc. v. Follot* (1974), 56 Ill. 2d 586.) However, in those cases, the property owners contested jurisdiction of the trial court on the basis of notice. They did not deal with the problem we have before us in the instant case, the mistake of a public official frustrating a property owner's right to redeem. Thus, we do not find those cases to be helpful.

Additionally, we find *In re Application of County Treasurer* (1980), 84 Ill. App. 3d 506, 405 N.E.2d 869, *appeal denied sub nom. Atlantic Municipal Corp. v. McGuirk* (1980), 81 Ill. 2d 589, to be dispositive of the present case. In it, the property owners were informed erroneously by the county clerk's office that if they mailed and postmarked their redemption payment on the date that the period for them to redeem their property expired, they would redeem the property. The owners followed those directions and then, believing that they redeemed, did not attend the hearing on the tax deed petition where the court ordered the issuance of the tax deed. The trial court later

granted the owners' section 72 petition.

The appellate court in that case affirmed the trial court and found that the property owners had exercised due diligence because their failure to attend the hearing was due to their believing they redeemed their property. In addition, they received no notice informing them that they had not in fact redeemed their property before the 30-day period following the issuance of the tax deed had expired. Furthermore, the court found that the owners had presented a meritorious defense because a reasonable mistake prevented their redeeming their property. The court also noted that although Illinois has a policy favoring the merchantability of tax deeds, there is also a competing policy of allowing property owners the right to redeem their property where no injury would result to the tax purchaser. *In re Application of County Treasurer* (1980), 84 Ill. App. 3d 506, 509-10, 405 N.E.2d 869, *appeal denied sub nom. Atlantic Municipal Corp. v. McGuirk* (1980), 81 Ill. 2d 589.

■ Likewise, in the case at bar, Sadacca and Oak Park Bank exercised due diligence in presenting their defense and in filing the section 2—1401 petition: Sadacca received no further notice after his attempt to redeem. Therefore, he believed he had redeemed the property and that he did not have to attend the hearing. In addition, Sadacca did not know that the tax deeds had issued until August 6, 1986, after 30 days after the judgment was entered. Within two weeks thereafter, he filed a section 2—1401 petition.

■ Furthermore, Sadacca and Oak Park Bank had a meritorious defense: the deputy clerk's error frustrated Sadacca's attempt to redeem his property and he effectively redeemed it by paying the estimate prior to the redemption date.

Finally, Cosmopolitan will not be injured by allowing redemption.

Accordingly, the judgment of the circuit court of Cook County granting appellees' section 2—1401 petition is affirmed.

Affirmed.

QUINLAN, P.J., and BUCKLEY, J., concur.

SUPPLEMENTAL OPINION ON DENIAL OF REHEARING

JUSTICE O'CONNOR delivered the opinion of the court:

A petition for rehearing was filed by intervenor-appellant Cosmopolitan National Bank of Chicago and appellees Oak Park Bank and Joseph Sadacca responded. After reviewing the record as well as the

petition and response, we deny the petition for rehearing for the reasons that follow.

Cosmopolitan's primary argument, made for the first time in the petition for rehearing, is that it will be financially injured if Sadacca is allowed to redeem his property. Cosmopolitan contends that this court mistakenly found in our December 21, 1987, opinion that Cosmopolitan had paid $3,200.04 to purchase the tax deeds from petitioners Partipilo and Cribare, when, in fact, that figure was the amount paid by petitioners to obtain their certificates of purchase. Cosmopolitan now raises the issue that it paid $18,000 to petitioners for the tax deeds, in support of which it has submitted copies of the tax deeds showing city and county transfer taxes which indicate a total purchase price of $18,000. On this basis, Cosmopolitan asks us to find that the $9,927.09 plus interest which Sadacca was ordered to pay to redeem his property is insufficient to make Cosmopolitan whole. Although there is nothing in the record to support this claim, Cosmopolitan now asks this court to reverse our prior ruling and deny the section 2—1401 petition of Oak Park Bank and Sadacca on the basis of Cosmopolitan's newly asserted economic harm.

In the trial court, Cosmopolitan's sole argument was that absent fraud on the part of the tax purchasers, Sadacca was not entitled to section 2—1401 relief. Cosmopolitan stipulated to all facts in the section 2—1401 petitions and that there were no issues of material fact that would preclude the trial court from entertaining the parties' motions as cross-motions for summary judgment. Having done so, Cosmopolitan may not now advance a new theory and new evidence for the first time in its petition for rehearing. *Hux v. Raben* (1967), 38 Ill. 2d 223, 225, 230 N.E.2d 831.

Illinois Supreme Court Rules 341(e)(7) and 367(b) require factual assertions to be supported by references to the record. (113 Ill. 2d Rules 341(e)(7), 367(b).) Supreme Court Rule 367(b) expressly limits a petition for rehearing to "points claimed to have been overlooked or misapprehended by the court." (*Schlenz v. Castle* (1985), 132 Ill. App. 3d 993, 1018, 477 N.E.2d 697, *aff'd* (1986), 115 Ill. 2d 135, 503 N.E.2d 241.) Matters not of record are waived and cannot be considered on appellate review. *Wieser v. Missouri Pacific R.R. Co.* (1983), 98 Ill. 2d 359, 364, 456 N.E.2d 98.

While Supreme Court Rule 366(a)(3) (107 Ill. 2d R. 366(a)(3)) permits a reviewing court to amend the record by correcting errors or adding matters that should have been included, the rule cannot be used to interject a new theory and new evidence into the record on rehearing when the evidence was available to the appellant both at the hear-

ing in the trial court and at the time of the initial appeal. (*Catalano v. Pechous* (1978), 69 Ill. App. 3d 797, 813-15, 387 N.E.2d 714, *aff'd* (1980), 83 Ill. 2d 146, *cert. denied* (1981), 451 U.S. 911, 68 L. Ed. 2d 300, 101 S. Ct. 1981.) Here the alleged economic harm to Cosmopolitan was not overlooked or misapprehended by the court; it was an issue Cosmopolitan chose not to raise either in the trial court or on appeal. Cosmopolitan also stipulated that it purchased the interest in the parcels from the tax purchaser subsequent to and with prior knowledge of the pending section 2—1401 petitions as well as the fact that it was not a purchaser without notice subject to section 2—1401(e), thus it was aware of the possibility that the trial court might allow redemption for equitable reasons. Any facts showing that Cosmopolitan would be injured by granting the section 2—1401 petition should have been presented in an evidentiary hearing at the trial court level. Having failed to raise the issue before the trial court, Cosmopolitan is foreclosed from belatedly supplementing the record in a petition for rehearing. *Wilmette Park District v. Village of Wilmette* (1986), 112 Ill. 2d 6, 19, 490 N.E.2d 1282.

Cosmopolitan raises in addition two issues that were fully briefed and argued in the initial appeal to this court. Those issues were addressed in our original opinion and they may not be reargued here. 113 Ill. 2d R. 367(b); *Anundson v. City of Chicago* (1968), 97 Ill. App. 2d 212, 221, 240 N.E.2d 407, *aff'd* (1970), 44 Ill. 2d 491, 256 N.E.2d 1.

The petition for rehearing is denied.

BUCKLEY and QUINLAN, JJ., concur.