*In re* APPLICATION OF THE COUNTY TREASURER AND *ex officio* COUNTY COLLECTOR OF COOK COUNTY, for Judgment and Order of Sale Against Real Estate Rendered for the Nonpayment of 1987 Taxes (Midfirst Bank, Petitioner-Appellant, v. Midwest Partnership, Respondent-Appellee (Midwest Partnership, Petitioner)).

First District (5th Division)   No. 1—92—2760

Opinion filed October 14, 1994.—Rehearing denied November 30, 1994.

---

[5]See page one and footnote one of this opinion.

Rudnick & Wolfe, of Chicago (Seymour F. Simon, Gerald B. Lurie, and Peter G. Hallam, of counsel), for appellant.

David R. Gray and Laura A. Gray, both of Chicago, for appellee.

JUSTICE COUSINS delivered the opinion of the court:

The appellant, MidFirst Bank, appeals the denial of its section 2—1401 petition (735 ILCS 5/2—1401) to vacate an order granting the appellee, Midwest Partnership, a tax deed on a homestead property in Cook County. Appellant asserts that it meets either of two standards which are grounds for relief under section 266 of the Revenue Act of 1939 (Revenue Act) (35 ILCS 205/266 (West 1992)): (1) Midwest Partnership obtained the deed by fraud or deception, or (2) that MidFirst Bank reasonably relied on an error by the county clerk in failing to redeem in timely fashion. We affirm.

BACKGROUND

In January of 1989, Midwest Partnership purchased the first installment of a five-installment special assessment at the regularly scheduled tax sale for 1987 special assessments. In early May of 1991, MidFirst Bank was served with written notification (the take notice) by Midwest Partnership. The take notice stated that Midwest Partnership had purchased "Installment No. 1" of the special assessment, certificate number 09773B, and that the property had been sold for delinquent taxes on January 25, 1989. The take notice further stated that the period for its redemption would expire September 6, 1991, following which a tax deed proceeding would occur on September 16, 1991.

MidFirst Bank then wrote to "Cook County—Redemption Department" the following letter:

"Dear Sirs:

Please find enclosed our check # *108410* dated *June 11, 1991* for $2.00.

We are requesting a Redemption Statement for the above referenced parcel for the tax year(s) *Spec. Assessment.* We have enclosed a postage-paid envelope for your convenience in remitting the statement to us.

If you have any questions, please contact the undersigned at 1-800-654-4566, ext. 375."

On July 2, 1992, MidFirst Bank received from the county clerk (the clerk) an estimate of cost of redemption (the estimate). However, the estimate stated that it referred to the tax sale of February 8, 1991, installment No. 3, certificate number 10263B, purchased by Jona, Inc. On July 3, MidFirst Bank sent the clerk the estimate and the necessary money to redeem installment No.3.

The clerk sent back to MidFirst Bank a copy of the estimate stamped with "Deposit Recorded 7-12." On July 29 the clerk sent MidFirst Bank a redemption certificate which again repeated what had been redeemed: "Installment No. 3 due and unpaid for the year 1989," the day of sale was "the 8th day of February 1989," that "Jona Inc." was the purchaser, and that the redeemed certificate was certificate No. 10263B.

Installment No. 1 was not redeemed, and Midwest Partnership filed an application for an order directing issuance of tax deed on September 16, 1991. On October 4, 1991, a hearing was held on the application. It concluded with the following exchange:

"THE COURT: Do you know whether any of the taxes were paid by anybody, including yourself?

[Midwest Partnership]: I have a record that the second installment of the Special Assessment Warrant was sold to Elsie Bee. The Third Installment was sold to Jona Inc. I have no record of the fourth installment or the general taxes.

THE COURT: Apparently the owner was not paying them.

[Midwest Partnership]: Apparently not, Judge.

THE COURT: All right, I will take this under advisement. When the transcript is prepared and evidence of the paid taxes up to date is present, I will take whatever action is necessary."

On December 16, 1991, the trial court entered an order which included the following:

"This cause coming on for hearing upon the motion of Midwest Partnership, for a finding of proof of payment of the general taxes and/or special assessments *** FINDS: That all of the taxes that have become due and payable subsequent to the sale of the taxes have been paid or redeemed.

WHEREFORE IT IS HEREBY ORDERED that Exhibits A, B, C, D, E, F, and G, are admitted into evidence and made a part of the record of these proceedings."

The next day, December 17, 1991, the court entered an order directing issuance of the tax deed.

Midwest sent a notice of motion for an order for possession on April 7, 1992, and the trial court entered an order of possession on April 15, 1992. On May 27, 1992, MidFirst Bank filed a section 2—1401 petition to vacate order directing county clerk to issue tax deed (the section 2—1401 petition). A hearing was held July 8, 1992, at which the MidFirst Bank's only argument was that its failure to redeem was the result of the clerk's negligence in issuing the estimate. The trial court held:

> "From the facts as I see them, I see that the error was not on the part of the Clerk's office. The error was on the part of the bank, MidFirst Bank, who did not examine the documents that they received and did not redeem the proper installment of taxes *** ."

The trial court entered an order denying the section 2—1401 petition, from which MidFirst Bank appeals. MidFirst Bank claims it is entitled to relief under section 266 of the Revenue Act (35 ILCS 205/266 (West 1992)), either because of deception by Midwest Partnership or because of the clerk's negligence. Section 266 of the Revenue Act provides in pertinent part:

> "Tax deeds issued pursuant to this Section are incontestable except by appeal from the order of the court directing the county clerk to issue the tax deed. However, relief from such order may be had under Section 2—1401 of the Code of Civil Procedure in the same manner and to the same extent as may be had under that Section with respect to final orders and judgments in other proceedings. However, the grounds for relief shall be limited to a showing by clear and convincing evidence that the tax deed had been procured by fraud or deception by the tax purchaser or his assignee ***. In cases regarding the sale of homestead property in counties with a population of more than 3,000,000 inhabitants, *a tax deed may* also *be voided* by the court *upon petition, filed not more than 3 months after an order for tax deed was entered, if the court finds that* the property was owner occupied on the expiration date of the period of redemption and that *the order for deed was effectuated pursuant to a negligent or willful error* made *by an employee of the county clerk* or county collector during the period of redemption from said sale *that was reasonably relied upon* to the detriment of any person having a redeemable interest. ***
>
> This Section shall be liberally construed so that tax deeds herein provided for shall convey merchantable title." (Emphasis added.) 35 ILCS 205/266 (West 1992).

OPINION

# I

■ A section 2—1401 petition must set forth a meritorious defense in the original action and the petitioner's due diligence in both presenting the claim and filing the petition. (*Klein v. La Salle National Bank* (1993), 155 Ill. 2d 201, 205, 613 N.E.2d 737.) The section 2—1401 petition allows a party to bring before the court matters unknown to the party and the court at the time of judgment which would have precluded its entry. (*Krol v. Wincek* (1994), 258 Ill. App. 3d 706, 708, 630 N.E.2d 1021.) Relief is appropriate only where the petition's allegations are proved by a preponderance of the evidence. (*Klein*, 155 Ill. 2d at 205.) On appeal from a disposition for section 2—1401 relief, the standard applied by reviewing courts is whether the trial court abused its discretion. *Klein*, 155 Ill. 2d at 206.

MidFirst Bank's initial claim is that deception by Midwest Partnership in obtaining the tax deed merits the granting of its section 2—1401 petition. MidFirst Bank cites as fraudulent behavior Midwest's failure to later alert the judge to the fact that the owner had been paying general taxes, once the judge had initially asked about tax payments. The statute requires "a showing by clear and convincing evidence that the tax deed had been procured by fraud or deception by the tax purchaser." (35 ILCS 205/266 (West 1992).) MidFirst Bank has failed to present evidence which meets this standard.

■ Fraud implies a wrongful intent—an act calculated to deceive. (*In re Application of County Treasurer* (1982), 92 Ill. 2d 400, 407, 442 N.E.2d 216.) However, no deceptive "act" takes place where, as here, the trial court knows as much information as the allegedly deceptive party. All the tax information which the trial court requested was given to the court by Midwest Partnership. The court examined the evidence, found that all taxes had been paid as required under the redemption statute, and awarded the tax deed. The exhibits which MidFirst Bank complains should have been "specifically alerted" were admitted into evidence and relied on by the judge to make his ruling. Moreover, we agree with Midwest Partnership that there was no direct evidence as to who paid the general taxes, but only a payment receipt to be mailed to the taxpayer owner—even MidFirst Bank can state only that the taxes were "apparently" paid by the owner of the residence. "[E]ven if a more persistent effort could have been made in the conduct of the search and inquiry, this is not proof of fraud unless there exists evidence of wrongful intent or a deceptive design." (*Exline v. Weldon* (1974), 57 Ill. 2d 105, 110, 311 N.E.2d 102.) Midwest could reasonable rely on the trial court to know as much as it knew, and we find that there was no intent to deceive.

■ In addition, the question of who paid the general taxes is irrelevant to the issuance of a tax deed. It does not matter who pays the general taxes before the issuance of a tax deed, and it is no defense that subsequent taxes were paid by the original property owners. (*In re Application of County Treasurer & Ex-Officio County Collector* (1974), 20 Ill. App. 3d 291, 300, 314 N.E.2d 300 (*Follot*); *Stanley v. Bank of Marion* (1961), 23 Ill. 2d 414, 419, 178 N.E.2d 367.) We agree with the court's holding in *Follot*: "Since all relevant information was openly presented to the court, we cannot find that a wrongful intent or an act calculated to deceive has been proved." (*Follot*, 20 Ill. App. 3d at 298.) The cases relied on by MidFirst Bank are inapposite, as they found fraud where a party gave an incomplete answer to the court regarding a *material* issue. MidFirst Bank has not met its burden to introduce an issue which would have precluded the judgment of the trial court.

■ Moreover, even if MidFirst Bank's fraud claim had been stronger, MidFirst Bank has waived this claim by not including it in its initial petition to the trial court. A section 2—1401 petition must assert the statutory grounds alleged for relief. (*In re Petition of Conrad Gacki Profit Sharing Fund for Tax Deeds* (1994), 261 Ill. App. 3d 982, 983-84, 634 N.E.2d 1281, 1282.) An issue not presented for review in the trial court cannot be raised for the first time on review. (*Jackson v. Chicago Board of Education* (1989), 192 Ill. App. 3d 1093, 1099, 549 N.E.2d 829; *Kravis v. Smith Marine, Inc.* (1975), 60 Ill. 2d 141, 147, 324 N.E.2d 417.) An exception to this rule exists where the question is one of law and has been fully briefed and argued by the parties, so that no prejudice results. (*People ex rel. Daley v. Datacom Systems Corp.* (1991), 146 Ill. 2d 1, 27, 585 N.E.2d 51.) However, this exception does not apply to the instant case. The factual question of whether fraud was committed would be best addressed by the allegedly deceived "victim" himself: the trial judge who issued the tax deed and also heard the section 2—1401 petition.

## II

■ Addressing MidFirst Bank's second claim, the error of the clerk, the statute requires the petitioner to establish four things for relief: (1) there was a negligent or willful error by the clerk; (2) the error was reasonably relied upon to the detriment of the one with the redeemable interest; (3) the petition was filed within three months after the order for tax deed was entered; and (4) the property was owner occupied on the expiration date for the period of redemption. Petitioner cannot substantiate the first two necessary elements. Therefore, it was not an abuse of discretion for the trial court to deny the petition.

■ We believe the trial court could reasonably find that there was no error by the clerk. The clerk received the following letter:

"Please find enclosed our check #108410 dated June 11, 1991 for $2.00.

We are requesting a Redemption Statement for the above referenced parcel for the tax year(s) *Spec. Assessment.*"

It was not negligence for the clerk to interpret this letter as referring to the tax year of 1991 and the outstanding installment of the special assessment sold for that year which had yet to be redeemed by the owner. MidFirst Bank could have easily further specified that it was installment No. 1 to be redeemed, or given the clerk the proper year of the tax sale, or provided the certificate number. It was not an abuse of discretion to find that the clerk had not committed a negligent error.

Moreover, even assuming *arguendo* the clerk had been negligent, we do not dispute the trial court's finding that MidFirst Bank did not reasonably rely on any error which might have taken place. There were four clear differences between the take notice order sent to Mid-First Bank by Midwest Partnership and the redemption estimate sent to MidFirst Bank by the clerk: (1) the certificate number; (2) the date of sale; (3) the property purchaser; and (4) the installment number. In addition, MidFirst Bank had *three* separate chances to make the obvious comparison that it was redeeming the wrong installment—the initial estimate from the clerk, the estimate copy sent back to MidFirst Bank stamped "Deposit recorded—7/12," and the redemption certificate MidFirst Bank later received. It was not unreasonable for the court to conclude that MidFirst Bank should have discovered whether it was redeeming the right special assessment. Therefore, the trial court did not abuse its discretion.

To dispute the trial court's findings, MidFirst Bank relies heavily on *In re Application of the County Treasurer & Ex Officio County Collector* (1987), 171 Ill. App. 3d 644, 525 N.E.2d 852 *(Sadacca).* In *Sadacca,* the petitioner had requested an estimate for general taxes outstanding, but the clerk erred by sending an estimate which included the taxes owed for 1982-1984 but not for 1980-1981. *Sadacca* is similar to the instant case in that the court found reasonable reliance by the petitioner even though the clerk's estimate contained a difference from the take notice petitioner had received—the years 1980 and 1981 were included in the take notice but not in the estimate. However, petitioner's case was stronger in *Sadacca* because the petitioner had made a more specific request—an estimate for all general taxes owed—which the clerk had failed to fulfill. Also, in *Sadacca,* the parties stipulated that the clerk had erred. Because of the

dissimilarities, the *Sadacca* decision provides only mild support for MidFirst Bank's arguments.

Further, the holding in *Sadacca* regarding the clerk's error in that case can afford no basis for relief to petitioner in the instant case because of the recent amendment to the tax deed statute. *Sadacca* held that when an error by the clerk's office had been established, it was enough that the property owner "attempted in good faith to redeem his property." (*Sadacca*, 171 Ill. App. 3d at 648.) However, the legislature in 1990 amended section 266 (35 ILCS 205/266 (West 1992)) to specifically include a "reasonable reliance" requirement as a prerequisite to obtain relief from an error by the clerk. "Good faith" reliance is no longer enough, and to the extent *Sadacca* holds otherwise, the legislature has superseded it.

Moreover, *Sadacca* is effectively countered by *Follot* (20 Ill. App. 3d 291, 314 N.E.2d 300), where the court found no reasonable reliance by the petitioners when they had redeemed the wrong installment to a tax sale. Arguably, the negligence by the petitioners was greater in *Follot*; however, the holding of that case governs the facts in this case. In *Follot*, the court held: "Petitioners had notice that two installments were owing and their payment of one of them, albeit the later installment, cannot excuse their non-payment of the other installment." *Follot*, 20 Ill. App. 3d at 299.

MidFirst Bank complains that this court should intervene to prevent an unjust windfall for the tax buyer. While there is a policy favoring a liberal construction of the right to redeem where the tax purchaser would not be injured (*Sadacca*, 171 Ill. App. 3d at 648), the tax deed statute itself states, "This Section shall be liberally construed so that tax deeds herein provided for shall convey merchantable title." (35 ILCS 205/266 (West 1992).) The history of the Revenue Act shows a strong public policy supporting the recognition and commercial acceptability of tax deeds. (*Crawford v. Love* (1993), 243 Ill. App. 3d 977, 981, 614 N.E.2d 50.) Petitioner bears responsibility in the instant case for the failure to redeem, and the law prevents this court from intervening on MidFirst Bank's behalf.

While the appellant's petition is not well founded in the instant case and the law does not allow court intervention, we are mindful that the strict provisions of the law may not allow court intervention to prevent a tax buyer profiting when property owners may suffer from an inability to manage their affairs due to disabilities and limitations resulting from old age, senility, feeblemindedness or illness. We suggest that the legislature consider whether additional amendments to section 266 of the Revenue Act are needed to prevent applications of the law from producing unjust results where property

owners have such disadvantages. It is our obligation to uphold the laws as written until the legislature sees fit to change them.

For the foregoing reasons, we affirm.

Affirmed.

MURRAY, P.J., and McNULTY, J., concur.