JOJAN CORPORATION, Indiv. and as representative of a class, Plaintiff-Appellant, v. STANLEY T. KUSPER, JR., Defendant-Appellee.

First District (1st Division)   No. 86—0287

Opinion filed November 2, 1987.—Modified on denial of rehearing September 19, 1988.

Bernard Allen Fried, of Chicago, for appellant.

Richard M. Daley, State's Attorney, of Chicago (Joan S. Cherry and Susan Condon, Assistant State's Attorneys, of counsel), for appellee.

JUSTICE MANNING delivered the opinion of the court:

The plaintiff, Jojan Corporation, brought this action in the circuit court of Cook County challenging the constitutionality of section 235a of the Revenue Act of 1939, as amended, known as the Scavenger Act (Ill. Rev. Stat. 1983, ch. 120, par. 716a).

The Scavenger Act was enacted in 1939 to clean up a hopeless tax delinquency situation and restore these delinquent properties to a tax revenue-producing status. (*Dupuy v. Morse* (1949), 337 Ill. App. 1, 6, 85 N.E.2d 187; *In re Application of Rosewell* (1981), 93 Ill. App. 3d 1106, 1108, 454 N.E.2d 997.) The Scavenger Act provides for a judgment for sale to the highest bidder of all tracts of land where all or part of the general taxes for each of five or more years are delinquent. Ill. Rev. Stat. 1983, ch. 120, par. 716a.

Effective July 1, 1980, Public Act 81—1076 amended section 235a of the Revenue Act of 1939. (Ill. Rev. Stat. 1979, ch. 120, par. 716a.) The amendment provided that except for single-family residential units, the amount required to redeem property shall include all delinquent taxes owed on the property at the time of sale. (Ill. Rev. Stat. 1979, ch. 120, par. 716a; *In re Application of Rosewell* (1983), 97 Ill. 2d 434, 445, 454 N.E.2d 997.) The legislature subsequently passed

Public Act 82—987, effective September 9, 1982, which defined single-family residential units as including "owner-occupied condominium units, cooperative units, or dwellings." (Ill. Rev. Stat. 1983, ch. 120, par. 716a.) The act as amended provides in pertinent part:

"For sales taking place after January 1, 1980, notwithstanding any other provisions of this Section, except for single family residential units being owner-occupied condominium units, cooperative units, or dwellings, the amount required to be paid for redemption shall also include an amount equal to all delinquent taxes on such property which taxes were delinquent at the time of sale. Such delinquent taxes shall be apportioned by the county among the taxing districts in which such property is situated." Ill. Rev. Stat. 1983, ch. 120, par. 716a.

On May 27, 1983, the real estate at issue in the instant case was sold at a scavenger sale by the county collector of Cook County. Jojan Corporation is the owner and holder of the principal note and trust deed secured by the property sold under the Scavenger Act, as amended by Public Act 82—987. In order to protect its security interest in the property, Jojan sought to redeem from the sale and requested the defendant Stanley Kusper, county clerk, to prepare an estimate of the cost of redemption. Kusper prepared an estimate which included the amount of sale, statutory penalty interest, taxes plus interest less the amount of the sale, advertising costs, filing fees, court costs, redemption fees, and the cost of the estimate, for a total of $35,561.12. Jojan tendered to Kusper a cashier's check for $10,329.51 as payment in full to redeem the property. This sum included the amount of the bid at the sale, costs, and interest.

Kusper rejected the tender, asserting that the amount tendered did not include an amount equal to all the delinquent taxes due as of the time of sale as required by the Revenue Act. Plaintiff refused to pay the excess, contending that the rejection of its tender by the defendant was illegal and unconstitutional since the statute on which the defendant relied is unconstitutional and, therefore, unenforceable.

On July 9, 1984, plaintiff filed suit for declaratory judgment and *mandamus* praying for a declaration by the trial court that the Scavenger Act as amended by Public Act 82—987 was unconstitutional and for the issuance of a writ of *mandamus* ordering the defendant to accept the tender as payment in full for redemption from the sale. Defendant asserted that declaratory relief was not proper and moved to dismiss the plaintiff's complaint pursuant to section 2—615 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—615), contending that the complaint as amended was legally insufficient. On

January 3, 1986, the circuit court entered an order granting defendant's motion to dismiss the plaintiff's amended complaint for declaratory judgment and *mandamus*, holding that the plaintiff had an adequate remedy at law and that the amendment was constitutional. The plaintiff appeals from that order.

The plaintiff contends on appeal that the amendment: (1) abolishes the constitutional right of redemption to all classes of property except for single-family residential units; (2) is unconstitutionally overly broad; (3) creates an unconstitutional classification of property; and (4) has resulted in an unconstitutional confiscation of property.

■ It is well established that in the area of taxation, where there is an adequate remedy at law, a party must pursue that remedy to the exclusion of equitable forms of relief. (*Clarendon Associates v. Korzen* (1973), 56 Ill. 2d 101, 105, 306 N.E.2d 299; *White v. City of Ottawa* (1925), 318 Ill. 463, 471.) Moreover, equity will not assume jurisdiction unless special grounds for equitable relief are established and the plaintiff does not have an adequate remedy at law. *Clarendon Associates v. Korzen* (1973), 56 Ill. 2d 101, 107, 306 N.E.2d 299.

The Illinois Supreme Court has established two exceptions to this general rule. A taxpayer may seek injunctive relief rather than a remedy at law where the tax is unauthorized by law or where the tax is levied upon property exempt from taxation. (56 Ill. 2d at 105.) These two exceptions constitute independent grounds for equitable relief; therefore, under these exceptions, an inadequate remedy at law is not required and the taxpayer may pursue either remedy. (*Clarendon Associates v. Korzen* (1973), 56 Ill. 2d 101, 105, 306 N.E.2d 299; *Owens-Illinois Glass Co. v. McKibbin* (1943), 385 Ill. 245, 256, 52 N.E.2d 177.) Moreover, this court has recognized a further exception where "the taxpayer can establish that the tax is constructively or actually fraudulent and that the statutory remedy is inadequate." *Chicago Title & Trust Co. v. Tully* (1979), 76 Ill. App. 3d 336, 340, 395 N.E.2d 42.

■ The facts in the instant case do not fall within any of the recognized exceptions. The plaintiff has not shown that the tax is unauthorized by law, nor does the plaintiff allege that the property is exempt from taxation. Moreover, the plaintiff has not established that the tax is fraudulent. The Revenue Act of 1939 provides an adequate remedy at law by its statutory remedy of "Redemption Under Protest." Under these proceedings, a party interested in real estate may adjudicate the sufficiency of the redemption by paying the required amount under protest and filing an objection to the amount under section 253 of the Revenue Act of 1939. (Ill. Rev. Stat. 1983, ch. 120,

par. 734.) After the party has paid under protest, if the party is entitled to a refund, "the court shall direct the county clerk to return all or a part of the redemption money or deposit to the party redeeming." Ill. Rev. Stat. 1983, ch. 120, par. 734.

In order for a taxpayer to redeem under protest, the Revenue Act provides:

> "Any person redeeming hereunder at a time subsequent to the filing of a petition *** who desires to preserve his right to defend against a petition for any reason, shall accompany his deposit for redemption with a writing ***.

> Any grounds for the objection not specified at the time of the redemption under protest shall not be considered by the court." Ill. Rev. Stat. 1983, ch. 120, par. 734.

■ The payment of taxes under protest is a mandatory requirement of the statutory objection procedure and it operates to prohibit persons from objecting to a tax assessment without first establishing that all taxes upon which the objection is based have been paid under protest. *In re Application of Rosewell* (1979), 78 Ill. App. 3d 769, 775, 397 N.E.2d 232.

■ In the instant case, the plaintiff did not avail itself of the statutory procedures for objecting to the amount required to redeem the property. Jojan did not deposit the amount of money required to redeem the subject property or set forth in writing any objections at the time of redemption. Where the legislature has devised a specific statutory remedy for payment under protest, the plaintiff must challenge its tax assessments under the relevant statutory procedures as a condition for obtaining relief. *R. D. Werner Co. v. Leyden Fire Protection District* (1980), 91 Ill. App. 3d 587, 594, 414 N.E.2d 1169.

Although the trial court determined that the facts of this case do not fall within one of the recognized exceptions, the court did address the constitutional issues raised by the plaintiff. After a careful review of the facts presented, the trial court ruled that the amendment (1) did not violate the equal protection clause of the Illinois or United States Constitution; (2) did not violate the constitutional right of redemption; (3) relates to the general subject of section 235a; (4) did not impair contractual rights; and (5) did not constitute "special legislation." The court further ruled that the facts do not support the claim that the amendment was unconstitutionally confiscatory.

Many of the constitutional issues raised in the instant case were also raised in *First National Bank v. Kusper* (1983), 98 Ill. 2d 226, 232, 456 N.E.2d 7. In *First National Bank*, the Illinois Supreme Court reasoned that it was not necessary to reach the constitutional

questions since certain procedures were not adhered to, causing the question to become moot. 98 Ill. 2d at 232.

■■ Similarly, this case was properly dismissed since there was an adequate remedy at law that was not adhered to and declaratory relief was improper. Therefore, we need not consider the correctness of the circuit court's disposition of the constitutional issues. It is the established rule of the Illinois Supreme Court that a constitutional question will not be considered if the case can be decided without considering the constitutional question. (*In re Application of Rosewell* (1983), 97 Ill. 2d 434, 440, 454 N.E.2d 997; *In re Estate of Ersch* (1963), 29 Ill. 2d 572, 576-77, 195 N.E.2d 149.) We, therefore, affirm the circuit court on the portion of its judgment that declaratory relief is improper since there is an adequate remedy at law and we vacate and set aside that portion of the judgment regarding the constitutionality of the amendment.

Judgment affirmed in part and vacated in part.

QUINLAN and O'CONNOR, JJ., concur.