NOTICE
Decision filed 06/05/18. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2018 IL App (5th) 170170

NO. 5-17-0170

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

_____

| | | |
|---|---|---|
| *In re* APPLICATION FOR A TAX DEED | ) | Appeal from the |
| | ) | Circuit Court of |
| (As-Is Properties, Ltd., | ) | Saline County. |
| | ) | |
|     Petitioner-Appellant, | ) | |
| | ) | |
| v. | ) | No. 16-TX-7 |
| | ) | |
| Robert W. Street Jr.; Ruth Street; | ) | |
| Ford Motor Credit Company, LLC; | ) | |
| Unknown Occupants; Unknown | ) | |
| Owners or Parties Interested; and | ) | |
| Nonrecord Claimants, | ) | Honorable |
| | ) | Todd D. Lambert, |
|     Respondents-Appellees). | ) | Judge, presiding. |

_____

JUSTICE OVERSTREET delivered the judgment of the court, with opinion.
Justices Chapman and Cates concurred in the judgment and opinion.

**OPINION**

¶ 1    The petitioner, As-Is Properties, Ltd. (As-Is Properties), appeals the circuit court's order granting equitable redemption in a tax deed sale proceeding to the property's owners, the respondents, Robert W. Street Jr. and Ruth Street, and the circuit court's order denying As-Is Properties' motion to expunge the redemption. On appeal, As-Is Properties claims that the circuit court erred in granting equitable redemption because the Streets failed to tender funds to redeem the property within the statutory period of redemption provided under the Property Tax Code (Code) (35 ILCS 200/21-350 (West 2016)). As-Is Properties seeks reversal and remand to the

circuit court for expungement of the redemption and entry of an order directing the issuance of a tax deed. For the reasons that follow, we affirm.

¶ 2                                    BACKGROUND

¶ 3        On January 29, 2014, at a sale of lands and lots for nonpayment of general taxes levied and assessed for the 2012 taxes due and payable in 2013, As-Is Properties purchased the delinquent real estate taxes for real estate located at 1518 Fisk Street, Eldorado, Illinois. On May 20, 2016, As-Is Properties filed a petition for tax deed, alleging that it held a certificate of purchase issued by the county clerk and that the time for redemption of the certificate would expire on October 7, 2016. As-Is Properties requested the circuit court to enter an order directing the county clerk to issue a property tax deed to As-Is Properties if the property had not been redeemed within the time and in the manner provided by law. The corresponding "Take Notice" document, also filed with the circuit court on May 20, 2016, provided, in pertinent part:

"THIS PROPERTY HAS BEEN SOLD FOR

DELINQUENT TAXES

Property located at 1518 Fisk Street, Eldorado, IL 62930, Saline County, Illinois.

***

This notice is to advise you that the above property has been sold for delinquent taxes and that the period of redemption from the sale will expire on October 7, 2016.

***

This notice is also to advise you that a petition has been filed for a tax deed which will transfer title and the right to possession of this property if redemption is not made on or before October 7, 2016.

2

This matter is set for hearing in the Circuit Court of this County in HARRISBURG, Illinois on October 21, 2016 at 9:00 AM.

You may be present at this hearing, but your right to redeem will have already expired at that time.

*YOU ARE URGED TO REDEEM IMMEDIATELY*

*TO PREVENT LOSS OF PROPERTY*

Redemption can be made at any time on or before October 7, 2016 by applying to the County Clerk of Saline County, Illinois at the Office of the County Clerk in Harrisburg, Illinois.

For further information contact the County Clerk." (Emphasis in original.)

¶ 4 The delinquent taxes were not redeemed by October 7, 2016. The Streets acknowledged that each was served with the "Take Notice," informing them that a petition for tax deed had been filed, that the period of redemption would expire on October 7, 2016, and that a hearing was set on the petition for tax deed for October 21, 2016. The Streets alleged that they had erroneously understood the "Take Notice" to mean that they had until October 21, 2016, to redeem the property from the tax sale.

¶ 5 On October 20, 2016, the Streets filed a petition for extension of statutory period of redemption. The Streets acknowledged that on January 29, 2014, their real estate was sold for nonpayment of 2012 real estate taxes to As-Is Properties. The Streets also acknowledged that the statutory period for redemption for said tax sale had expired on October 7, 2016. Nevertheless, the Streets alleged that they had paid all real estate taxes due, except for the second half of 2013 taxes, which were payable in 2014, and had sufficient funds to redeem the property from the 2014 sale. The Streets alleged that the approximate fair market value of their real estate subject

3

to the tax sale was $30,000 and the amount required to redeem the real estate was $1316.97. The Streets alleged that they would suffer irreparable damage if not allowed to redeem their real estate from the tax sale.

¶ 6    On January 20, 2017, the circuit court stated in a docket entry that it would exercise its equitable power to extend the statutory period of redemption. Accordingly, on February 2, 2017, the circuit court entered an order extending the statutory period of redemption until February 9, 2017. On February 6, 2017, Ruth Street redeemed the property.

¶ 7    On March 1, 2017, As-Is Properties filed a motion to reconsider the order extending the statutory period of redemption and to expunge redemption of the property, which occurred after the original period of redemption had expired. On April 6, 2017, the circuit court denied the motion to reconsider. On May 5, 2017, As-Is Properties filed a timely notice of appeal.

¶ 8                                ANALYSIS

¶ 9    The parties do not contest that the Streets failed to adhere to the Code's provisions in tendering payment to redeem the property. Thus, we will employ an abuse of discretion standard to determine whether the circuit court erred in granting equitable relief to the Streets by extending their period of redemption. *In re Application of the County Treasurer & ex officio County Collector*, 389 Ill. App. 3d 735, 739 (2009); see also *In re Application of the County Treasurer & ex officio County Collector*, 378 Ill. App. 3d 842, 854 (2007) (*Hawkeye*) ("Given that the trial court was empowered to extend the redemption period beyond the statutory deadline due to general equitable principles, we will not overturn its decision absent an abuse of discretion."). "An abuse of discretion occurs only where no reasonable person could agree with the position taken by the trial court." *In re Estate of Wright*, 377 Ill. App. 3d 800, 803-04 (2007).

4

¶ 10    As-Is Properties argues that the circuit court erred in exercising its equitable power allowing the Streets to redeem delinquent taxes approximately four months after the statutory period had expired, despite the fact that they did not rely on erroneous information supplied by the county clerk's office. The Streets counter that the circuit court properly exercised its equitable power to extend the redemption period because they would have lost their home, with a fair market value of approximately $30,000, as a result of a misunderstanding as to the expiration date of the period of redemption, wherein the amount necessary to redeem was $1316.97. The Streets contend that they misunderstood the notices and thought that they had until the date of the hearing on the petition to issue a tax deed to redeem. They argue that they fell prey to the complexities of the taxing system. See *Hawkeye*, 378 Ill. App. 3d at 847.

¶ 11    Pursuant to the Code, if a property's taxes become delinquent, the county may apply for a judgment against and a sale of the property at a public auction (known as a tax sale) to recover the delinquent taxes. See 35 ILCS 200/21-110 (West 2016); *A.P. Properties, Inc. v. Goshinsky*, 186 Ill. 2d 524, 529 (1999); *A.P. Properties, Inc. v. Rattner*, 2011 IL App (2d) 110061, ¶ 13; *Hawkeye*, 378 Ill. App. 3d at 846. Any person owning or claiming a property upon which application for judgment is applied for may pay the taxes and costs to the county collector at any time before the taxes are sold, thereby avoiding the sale. 35 ILCS 200/21-165 (West 2016). "If the property owner does not pay the taxes first, the county may sell the property to the highest bidder, who then becomes liable to the county for the amount bid." *Rattner*, 2011 IL App (2d) 110061, ¶ 13; see also 35 ILCS 200/21-190, 21-205, 21-240, 21-260 (West 2016); *Goshinsky*, 186 Ill. 2d at 529. Once the court confirms the sale, the tax buyer receives a certificate of purchase. 35 ILCS 200/21-240, 21-260(c) (West 2016); *Goshinsky*, 186 Ill. 2d at 529; *Rattner*, 2011 IL App (2d) 110061, ¶ 13.

5

¶ 12    "The purchaser at the tax sale does not immediately gain title to the property; rather, there is a grace period where the property owner has the right to 'redeem' the property by paying to the county clerk the delinquent taxes, as well as costs, fees, and interest." *Hawkeye*, 378 Ill. App. 3d at 846; see also 35 ILCS 200/21-345(a) (West 2016) ("Property sold under this Code may be redeemed only by those persons having a right of redemption ***."); 35 ILCS 200/21-350 (West 2016) ("Property sold under this Code may be redeemed at any time before the expiration of 2 years from the date of sale," with certain exceptions); 35 ILCS 200/21-370 (West 2016) (redemption of forfeited property provisions). "If the owner makes a valid redemption, then title to the property remains with the owner, and the tax purchaser is entitled to the redemption money only." *Hawkeye*, 378 Ill. App. 3d at 846. "Upon a timely redemption, the county may refund the tax buyer's payment, thereby releasing the tax buyer's claim on the property." *Rattner*, 2011 IL App (2d) 110061, ¶ 13; see also 35 ILCS 200/21-390 (West 2016); *Goshinsky*, 186 Ill. 2d at 530. "However, if the owner does not redeem the property within the designated period, then the tax purchaser may petition the court for the deed to the property (known as a tax deed)." *Hawkeye*, 378 Ill. App. 3d at 846. In order to be entitled to a tax deed, the tax purchaser shall deliver to the county clerk a "Take Notice" to be given to the party in whose name the taxes are last assessed, in the form provided for in section 22-5 of the Code. 35 ILCS 200/22-5 (West 2016).

¶ 13    Although a 1990 amendment to section 22-45 of the Code restricted equitable relief with respect to vacating a tax deed (Pub. Act 86-1431 (eff. Sept. 12, 1990) (amending Ill. Rev. Stat. 1989, ch. 120, ¶ 747, now codified at 35 ILCS 200/22-45)), in order to preserve and uphold the policy goals of tax deed merchantability and equity to taxpayers, section 22-45, as amended, does not preclude the courts' equitable powers with respect to redemption prior to the issuance of

a tax deed. *Hawkeye*, 378 Ill. App. 3d at 852-53. Accordingly, Illinois courts have modified the statutory redemption requirements in light of equitable considerations when delay in payment was due to a property owners' good-faith reliance on incorrect statements made by governmental offices. *Id.* at 848. "Illinois policy is mindful of equitable considerations when taxpayers may fall prey to the complexities of the taxing system, particularly with respect to their reliance upon the conduct, advice, and guidance of appropriate employees of the tax-collecting governmental offices." *Id.* at 847. Thus, the courts possess the equitable power to extend the period of redemption and should interpret the law flexibly in order to achieve equity and fairness in redemption cases. *Id.*

¶ 14    "Our United States Supreme Court has stated that the right to redeem is a substantial right." *Id.* "As a result, Illinois law traditionally favors redemption and seeks to give a liberal construction to the redemption laws, as long as the tax purchaser suffers no injury." *Id.*

¶ 15    Moreover, equity abhors forfeiture. *Genesco, Inc. v. 33 North LaSalle Partners, L.P.*, 383 Ill. App. 3d 115, 126 (2008) (Theis, J., specially concurring). Equity abhors forfeiture so much so that equity would allow a party time beyond the time established by statute to perform in order to save that party from an egregious forfeiture. *Id.* ("equity abhors forfeiture so much so that equity would allow a party time beyond the time established by a contract to perform in order to save that party from an egregious forfeiture").

¶ 16    Here, pursuant to Illinois law, the circuit court properly favored redemption and sought to give a liberal construction to the redemption laws, considering that As-Is Properties suffered no injury. "The right of a holder of a tax certificate to receive a deed is subservient to the right of a person interested in the property to redeem." *Monreal v. Sciortino*, 238 Ill. App. 3d 475, 479 (1992). " 'The mere failure of the tax certificate holder to get a deed does not injure him, since

7

the purchaser recovers the amount paid for the certificate from the court after the redemption.' " *Id.* (quoting *In re Application of Du Page County Collector*, 98 Ill. App. 3d 950, 952 (1981)); see also 35 ILCS 200/21-390 (West 2016); *Goshinsky*, 186 Ill. 2d at 530; *Rattner*, 2011 IL App (2d) 110061, ¶ 13. In contrast, the Streets faced the potential of an egregious forfeiture. If the circuit court had not extended the redemption period, the Streets would have lost their home with a fair market value of approximately $30,000 as a result of a misunderstanding as to the expiration date of the period of redemption. The amount necessary to redeem was the sum of $1316.97, which the Streets were willing and able to pay, and in fact did pay, after the court granted their petition. The circuit court's order allowing equitable redemption accords with the public policy that looks favorably upon redemption from tax foreclosure sales (see *Monreal*, 238 Ill. App. 3d at 478) and the equitable considerations when taxpayers fall prey to the complexities of the taxing system (see *Hawkeye*, 378 Ill. App. 3d at 847). We cannot conclude that no reasonable person could agree with the position taken by the circuit court. Accordingly, the circuit court properly exercised its equitable powers in extending the period of redemption prior to entry of an order for the issuance of a tax deed and in denying As-Is Properties' motion to expunge the redemption.

¶ 17                                                    CONCLUSION

¶ 18    For the foregoing reasons, we affirm the judgment of the circuit court of Saline County.


¶ 19    Affirmed.

2018 IL App (5th) 170170

NO. 5-17-0170

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

| | | |
|---|---|---|
| *In re* APPLICATION FOR A TAX DEED | ) ) | Appeal from the Circuit Court of |
| (As-Is Properties, Ltd., | ) | Saline County. |
| | ) | |
| Petitioner-Appellant, | ) | |
| | ) | |
| v. | ) | No. 16-TX-7 |
| | ) | |
| Robert W. Street Jr.; Ruth Street; | ) | |
| Ford Motor Credit Company, LLC; | ) | |
| Unknown Occupants; Unknown | ) | |
| Owners or Parties Interested; and | ) | |
| Nonrecord Claimants, | ) | Honorable |
| | ) | Todd D. Lambert, |
| Respondents-Appellees). | ) | Judge, presiding. |

**Opinion Filed:**     June 5, 2018

**Justices:**     Honorable David K. Overstreet, J.

          Honorable Melissa A. Chapman, J., and
          Honorable Judy L. Cates, J.,
          Concur

**Attorney for Appellant**     Steven Walters, Walters Law Firm, P.O. Box 126, Metropolis, IL 62960

**Attorney for Appellees**     C. Mart Watson, Law Offices of Watson & Murphy, 1312 Jackson Street, P.O. Box 59, Eldorado, IL 62930